BRADLEY, Judge.
This is an insurance case.
The record reveals the following undisputed facts. William T. Persons was an employee of South Central Bell Telephone Company and as such was insured under a group dental expense insurance policy issued by Provident Life and Accident Insurance Company.
Persons underwent various dental procedures from March 1978 through June 1978. All such procedures were covered services under the insurance policy. The dental procedure which produced the present dispute was that of crown restoration.
Prior to the commencement of dental work on Persons, the dentist did not complete a “pre-determination of benefits” form which Provident contends was a prerequisite to payment of benefits by Provident. In fact, there is some evidence which shows that Persons did not provide the dentist with the forms so that they could be completed.
A “pre-determination of benefits” form is an analysis by the dentist of the patient’s condition and the necessary dental work that must be done. This form is returned to the insurance company, where it is reviewed and a determination is made by Provident as to how much money will be paid by the company. X rays are supposed to be sent with the form.
It is undisputed that the dentist did not make any X rays of Persons’ mouth before he began the crown restoration. The evidence shows that the dentist knew Persons’ condition and that he saw no reason to expose Persons to any unnecessary radiation.
A claim for reimbursement of dental expenses was made to Provident on June 6, 1978. The claim was for $968.00. Provident, by letter dated July 6,1978, requested that the dentist provide pre-operative X rays for the June 6, 1978 claim. The dentist wrote Provident on July 10, 1978 advising them that no pre-operative X rays had been made since he knew Persons’ condition. However, the dentist stated he would reappoint Persons, take X rays, and forward them to Provident if Provident needed the X rays. Provident never asked that this be done.
Provident refused to pay the claim submitted by Persons on the basis of a clause in Section XI of the insurance policy. That clause provides:
The Insurance Company reserves the right at its discretion to accept or to require verification of any alleged fact or assertion pertaining to any claim for dental expense benefits. As part of the basis of determining benefits payable, X-rays *110 and other appropriate diagnostic and evaluative material may be required. If the required diagnostic material is not submitted, benefits for the course of treatment may be for a lesser amount than what otherwise would have been payable, such lesser amount to be determined by the Insurance Company.
Suit was brought by Persons against Provident on May 30, 1979. Persons sought recovery of $1,000 for dental work performed on him under the group dental policy. Provident denied any liability beyond what benefits it had already paid to Persons.
A nonjury trial was held on February 21, 1980. At the close of Persons’ evidence Provident moved for a directed verdict which was denied. Provident then rested its case and again moved for a directed verdict which was again denied. Thereafter, judgment for Persons was entered in the amount of $614.00. Provident’s motion for a new trial was made and denied. The appeal is from the judgment and from the denial of the motion for new trial.
Provident contends that Persons has failed to prove that he has complied with the policy requirements relative to furnishing X rays to the company. We disagree.
Although Provident relies on the insurance policy and particularly on the above quoted clause to support its position that the dentist should have submitted X rays before he crowned plaintiff’s teeth, we find no such requirement in the policy in question. Section XI of the policy, which is quoted above, does not provide that X rays are required either before or after treatment. The section does provide that the company may ask for X rays and other diagnostic and evaluative material to assist it in determining what benefits to pay. But such request, as envisioned by the policy provision, comes after the insured has had the work done and has submitted a request for payment as provided by the policy.
In the instant case the dentist furnished what material he had and included an offer to make X rays and send them to the company. No response was made to this offer.
It is to be noted that an insurer may waive a provision in a policy intended for the benefit of the insurer. Employers Insurance Company of Alabama v. Crook, 276 Ala. 177, 160 So.2d 463 (1964). Moreover, the trial court could have considered the failure to respond to the offer to be a waiver of the requirement to furnish X rays.
Notwithstanding this possibility, however, we conclude that the insurance policy does not require a dentist to make X rays before he undertakes treatment that he considers necessary and that in the absence of such X rays he will not have to be paid for his services. This view of the policy provision is taken from the plain meaning of the words themselves. Words used in an insurance contract are to be construed in their natural and usual import. Canal Insurance Co. v. Stidham, 281 Ala. 493, 205 So.2d 516 (1967). Section XI of the policy merely gives to the insurer the right to request material from the dentist to aid it in deciding the validity of the insured’s claim. But the request goes only to what material the dentist has that helped him make his decision concerning a certain course of treatment. Section XI does not purport to specify what diagnostic or evaluative material or tools a dentist must use; it merely says that the materials or tools used must be made available to the insurer, if requested, to aid it in deciding whether to pay the claim for benefits and in what amount.
We do not consider that the trial court committed error in so construing the policy.
The second issue raised by the insurer concerns the amount of the judgment. The judgment was for $614.00. The maximum payable under the policy is $500.00 per person per year. The judgment exceeds the policy limits by $114.00 and the insured concedes such to be the case. Under these circumstances the most that the insured could recover of the insurer is $500.00.
*111 Consequently, a judgment will be entered that, unless the insured files a remittitur with the clerk of this court within thirty days reducing the judgment to $500.00, the judgment of the trial court is reversed and the cause remanded. If, however, a remit-titur is filed, a judgment for $500.00 will be affirmed. Liberty Truck Sales, Inc. v. Fountain, Ala.Civ.App., 381 So.2d 646 (1980).
AFFIRMED CONDITIONALLY.
WRIGHT, P. J., and HOLMES, J. concur.