This appeal is from the judgment entered on the jury verdict of $20,000 in favor of Bessie Wright, and against the City of Birmingham for negligent maintenance of a sidewalk in violation of Code 1975, § 11-47-190. The incident which gave rise to the suit below was the fact that Mrs. Wright fell, sustaining a broken wrist and other injuries, when she stepped into a lowered area near the corner of 19th Street and 2nd Avenue North, where the sidewalk had been removed to plant trees as a part of the "Birmingham Green" project.
The City assigns as error the following:
1. That the trial court erred in refusing to grant the City's motion for a directed verdict based on the City's contention that the plaintiff failed to prove one of the essential elements of her prima facie case, i.e., notice to the City of the defect in the sidewalk.
2. That the trial court erred in failing to give the City's requested jury instructions 27.05 and 27.06 from the Alabama Pattern Jury Instructions.
3. That the verdict of the jury was based on speculation as to proximate cause and the nature and extent of plaintiff's injuries.
The law of this state is well settled, that when a directed verdict is requested the entire evidence must be viewed in a light most favorable to the party opposing the motion; and that when a reasonable inference may be drawn which is adverse to the parties requesting the directed verdict, the directed verdict is properly refused. Kilcrease v. Harris, 288 Ala. 245,259 So.2d 797 (1972).
Thus, the question determinative of the first issue raised by the appellant is: Whether the record viewed in a light most favorable to appellee contains a scintilla of evidence that the City had notice of the defect in the sidewalk. If such a scintilla is present, then the trial court properly submitted the question to the jury for resolution.
Mr. Jerry Adcox, Assistant Superintendent of the Street and Sanitation Department for the City of Birmingham, testified as follows:
 Q. You all knew that people had fallen and gotten hurt at that same exact spot before Mrs. Wright fell and got hurt, didn't you?
A. Yes, sir. *Page 1266 
Interrogatories to the City of Birmingham which were admitted into evidence contain the following:
 QUESTION: Please state whether the defendant had received within five years immediately preceding the period following the alleged occurrence any complaints of any injury or circumstances or occurrences similar to those experienced by the plaintiff as alleged.
ANSWER: Yes.
. . . . .
 QUESTION: State the first time, specific date when you first had knowledge or notice of a defect or dangerous condition of the sidewalk described above, and under that state in complete detail the nature and extent of the surrounding circumstances bringing the fact to your attention, including the names and addresses of the persons doing so?
 ANSWER: On December 6, 1974, a claim was filed by Mrs. Nell Stamps. 2505 20 — First Street West, Birmingham, with regard to a fall on this question.
We hold that the above testimony and interrogatories provide a scintilla of evidence that the City knew of the defect in the sidewalk and thus the trial court's decision to submit this issue to the jury was not error.
Secondly, appellant asserts as error the failure to give Alabama Pattern Jury Instructions 27.05 and 27.06. Appellant insists that this error was preserved for our review when it orally excepted to the failure to give Alabama Pattern Jury Instructions 27.05 and 27.06 at the close of the trial court's charge. We disagree. It is not necessary for us to determine whether the substance of 27.05 and 27.06 was covered by the trial court's oral instruction on contributory negligence because the law of this state requires that an objection to the failure to charge on a particular subject (forgetfulness and assumption of the risk in the instant case) must be by way of a requested written charge.
 At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file and, in such event, shall serve on all opposing parties written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The judge shall write "given" or "refused" as the case may be, on the request which thereby becomes a part of the record. Those requests marked "given" shall be read to the jury without reference as to which party filed the request. Neither the pleadings nor "given" written instructions shall go into the jury room. Every oral charge shall be taken down by the court reporter as it is delivered to the jury. The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in charges given at the request of the parties. No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court. Opportunity shall be given to make the objection out of the hearing of the jury. In charging the jury, the judge shall not express his opinion of the evidence.
Rule 51, ARCP (emphasis added).
See also related holding in field of criminal law of the Court of Criminal Appeals. Smith v. State, 53 Ala. App. 657,303 So.2d 157 (1974).
Rule 51 also requires that an objection to the court's charge must state the grounds therefor. Feazell v. Campbell,358 So.2d 1017 (Ala. 1978); Odom v. Linsey, 365 So.2d 664 (Ala. 1978). In the instant case, Alabama *Page 1267 
Pattern Jury Instructions 27.05 and 27.06 were orally requested; and the objection to the court's charge on contributory negligence failed to state the grounds therefor. Thus, whatever error the court may have committed in refusing the requested charges was not properly preserved for our review.
Finally the appellant contends that the verdict of the jury was speculative. Assessment of damages is the province of the jury and its decision will not be disturbed unless the amount is so excessive or inadequate as to indicate prejudice, passion, partiality, corruption or mistake. Brandwein v.Elliston, 268 Ala. 598, 109 So.2d 687 (1959); Watts v. Pettway,49 Ala. App. 324, 272 So.2d 251 (1972); Deramus v. Alabama PowerCo., 48 Ala. App. 430, 265 So.2d 609 (1972); Mack v. Garrison,51 Ala. App. 453, 286 So.2d 857 (1973). In light of the extensive medical evidence presented by Mrs. Wright's physicians and her own testimony in regard to pain and suffering, we cannot say that the jury's verdict is so excessive or speculative as to indicate passion, prejudice or corruption.
For the foregoing reasons the decision of the trial court is affirmed.
In this case the appellee filed a motion for damages for a frivolous appeal pursuant to Rule 38, ARAP. The granting or denying of such motions is within the sound discretion of the appellate court.
 Rule 38 does not establish a standard for what constitutes a frivolous appeal; instead it commits the question to a determination by the appellate court in which the appeal is argued. Rule 38, ARAP, therefore authorizes the imposition of sanctions as a matter of sound judicial discretion vested in the appellate court.
Adams v. Adams, 335 So.2d 174 (Ala.Civ.App. 1976). See also:Great Northern Land and Cattle, Inc. v. Firestone Tire andRubber Co., 337 So.2d 1323 (Ala.Civ.App. 1962); and InsuranceCo. of North America v. Davis, 274 Ala. 541, 150 So.2d 192
(1962).
We do not believe the imposition of Rule 38, ARAP, sanctions would be appropriate in the instant case and therefore that motion is denied.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.