Defendant appeals from a jury verdict of $9,500 in favor of plaintiff.
Plaintiff instituted this action by filing a complaint against Liberty Truck Sales, Inc., Liberty Leasing, Inc., and John Purcell, individually and as agent for Liberty Leasing, Inc. The complaint stated claims based on fraud, an odometer disclosure violation, negligent repair, breach of express warranty, breach of implied warranty and strict liability under the Alabama Extended Manufacturer's Liability Doctrine. The claims were grounded in allegations of facts surrounding the purchase by plaintiff of a used truck from the defendants, and dealings subsequent to that purchase.
The case was tried before a jury in Jefferson County Circuit Court. At the conclusion of the evidence the plaintiff withdrew his claim based on breach of implied warranty and the court struck the claim based on strict liability. The jury returned a verdict of $9,500 based on breach of express warranty against defendant Liberty Truck Sales, Inc. Defendant filed a motion for new trial or in the alternative for judgment notwithstanding the verdict, or in the alternative for remittitur. The trial court denied the motion on June 29, 1979. Defendant appeals from that denial.
Defendant has raised a number of issues as grounds for reversal of the trial court's order denying his motion for new trial.
He contends that the trial court erred to reversal in sustaining objection to questions asked the plaintiff concerning a prior conviction for attempting to dispose of mortgaged property. The law in Alabama is clear that a witness may be impeached by proving his conviction of a crime involving moral turpitude. § 12-21-162, Code of Alabama (1975). A crime involving moral turpitude is defined as something immoral in itself, regardless of the fact that it is punished by law. Simsv. Callahan, 269 Ala. 216, 112 So.2d 776 (1959). Plaintiff admitted under voir dire examination that he had pled guilty to attempting to dispose of mortgaged property. § 13-4-1, Code of Alabama (1975). The trial court found that this act was not a crime involving moral turpitude and refused to allow cross-examination concerning it. We agree with the trial court. Under § 13-4-1, any sale or conveyance of mortgaged personal property without the consent of the mortgagor is a crime. This is true regardless of whether the sale or conveyance is done with an intent to defraud the mortgagor. The mere sale or conveyance of personal property in which another has an interest without intent to defraud is not inherently immoral. The section might be violated in the mistaken *Page 648 
belief that the mortgage or lien had been satisfied or that it would be satisfied by the buyer. We do not find an attempt to commit this act to involve moral turpitude. McElroy's AlabamaEvidence, § 145-01 (7) at 301 (3rd Ed.)
Defendant contends that the trial court erred in permitting plaintiff to testify about his attempt to rent a truck during the time the truck purchased from defendant was being repaired. Defendant's objection was that the questions called for hearsay testimony. We have carefully considered the portion of the record pointed out by defendant. It appears that the trial court sustained defendant's objection to those questions which called for hearsay. The testimony allowed by the court was in response to questions concerning plaintiff's personal knowledge of the availability of rental trucks. We find no error here.
Defendant next argues that the trial court improperly charged the jury as to the burden of proof. A party may not charge error in the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects, stating the matter to which he objects and the grounds of his objection. Rule 51, ARCP. Defendant's objection to the court's oral charge was:
 Mr. Costello: No sir. We have some objections. First of all, Your Honor, I think that maybe I missed it, but I think you failed to mention the burden of proof as to each and every count.
Although a reading of the trial court's charge shows that the court in fact did not mention the burden of proof in his instructions concerning each individual count, we do not find this to be error requiring reversal. The trial court clearly states at the beginning of its charge that the burden is upon the plaintiff to prove his charges or claims against the defendant. We consider that sufficient as an oral charge. If the objection is the failure to charge on a particular subject, it must be by way of a requested written charge. City ofBirmingham v. Wright, 379 So.2d 1264 (1980).
Defendant's final issue is that the award of damages by the jury was excessive and not supported by the evidence. We agree.
The jury expressly found for the plaintiff on his claim for breach of express warranty. There is much discussion in brief as to whether the warranty was a warranty of the general condition of the truck or merely to repair. That discussion is immaterial in light of the law of the case expressed in the court's charge to the jury. The court charged the jury that, "The damages resulting from a breach of warranty of this type would be to make the repairs that you agreed to make and if you don't do it, to pay the reasonable cost of somebody else making them." There was no objection by either party to the charge on damages. This instruction to the jury, to which both parties assented by their silence, became the law of the case by which the jury was bound. Lee v. Gidley, 252 Ala. 156, 40 So.2d 80
(1949).
Defendant argues that plaintiff presented evidence showing at most $4,992.46 as the cost of repairs occasioned by defendant's breach of warranty to repair. Upon a careful review of the evidence considered in light of the court's charge, we consider that all damages in excess of $4,992.46 are excessive. A judgment will accordingly be entered that unless plaintiff files a remittitur with the clerk of this court within thirty days reducing the judgment to $4,992.46, the judgment of the trial court will stand reversed. If, however, such remittitur is filed, a judgment for $4,992.46, with interest thereon, will stand affirmed.
AFFIRMED CONDITIONALLY.
HOLMES, J., concurs.
BRADLEY, J., not sitting. *Page 649