MADDOX, Justice.
Plaintiff Blume, Inc., a corporation, sued Baldwin Mutual Insurance Co., Inc., a corporation, claiming that the company had insured the subject premises against loss or injury by fire, windstorm or other perils as set forth in the policy, and that the subject property was damaged by windstorm on September 12, 1979 (Hurricane Frederic), and that it was entitled to recover the sum of $32,500 interest and costs.
The case was tried before a jury. The insurance company primarily contended that the policy did not insure a loss resulting “directly or indirectly from flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind.”
It is quite apparent that the critical issue for the jury to decide was whether plaintiff’s damage was caused by “windstorm” or water.
The issues on this appeal do not concern any evidentiary rulings by the trial court. Appellant states the issue as follows: “Did the court err to reversal in its refusal to charge the jury that the burden of proof in the instant case was upon the plaintiff”? We have carefully reviewed the oral instructions given by the court to the jury, and we have reviewed the objections raised *918 by the defendant in connection with those instructions. The defendant requested the following written instructions:
The Court charges the Jury that the insurance policy in this case does not cover loss resulting directly or indirectly from flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, whether or not driven by wind.
The trial judge refused to give this requested written instruction.
Counsel’s objection to the court’s oral instruction and to the court’s failure to give his requested instruction was as follows:
MR. OWEN:
Judge, we except, because I don’t believe you charged the Jury as to the burden is on the Plaintiff to prove every material allegation of the Complaint. Second, I’m afraid you left the Jury with the impression that they have to give them everything or give them nothing, which of course, is not true. They can give them anything up to thirty-two five but there is testimony by Mr. Hoik that the windstorm, if they believed him, they could give him up to thirty-five hundred dollars under his testimony or they can give them less. But it’s something for them to determine what part, if any, or what percentage, if any, was caused by windstorm and what percentage, if any was caused by flood and thereby reach their verdict. If it was all by windstorm then they are entitled to all of it, and if it is all by flood then they are not entitled to anything. I’m afraid you left them with the impression that they have to give it all or nothing.
Did the court err to reversal in refusing to instruct the jury as to the burden of proof? We think not. In the case of City of Birmingham v. Wright, 379 So.2d 1264 (Ala.1980), this Court discussed a similar exception to the failure of the court to give additional instructions. There this Court said:
It is not necessary for us to determine whether the substance of 27.05 and 27.06 was covered by the trial court’s oral instruction on contributory negligence because the law of this state requires that an objection to the failure to charge on a particular subject (forgetfulness and assumption of the risk in the instant case) must be by way of a requested written charge. . . .
With regard to defendant’s written requested instruction, we note that counsel for defendant did not object to the trial court’s failure to give his written requested instruction and state the matter to which he objected and the grounds for his objection. Rule 51, A.R.C.P. Furthermore, after an examination of the entire cause, including the pleadings, the issues presented to the jury, and the oral instruction by the court, the error which appellant complains of has not probably injuriously affected the substantial rights of the company. Rule 45, A.R.A.P. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.