HARRIS, Presiding Judge.
Frank James Eady was indicted pursuant to § 13A-5-31(a)(2), Code of Alabama 1975, for the capital murder of his grandmother, Eunice Eady. The indictment charged that, during the course of robbing her of $747, the appellant intentionally killed his grandmother “by striking her on the head and body with a 2 X 4 piece of wood.”
At his arraignment the appellant entered a plea of “not guilty.” On the day of trial, however, he withdrew this plea of “not guilty” and after filing a detailed “plea agreement” and a properly executed Ireland form he entered a plea of “guilty” as charged in the indictment. In light of the *695 plea agreement” and the Ireland form the trial court conducted a thorough colloquy with the appellant to insure that his “guilty” plea was made voluntarily, understanding^, and intelligently. At the end of his colloquy the appellant signed, in open court, an agreement which summarized the original plea agreement. It stated that the appellant was pleading “guilty” in exchange for the State’s recommendation that he be sentenced to life imprisonment without parole. It also stated that the appellant understood the offense as charged in the indictment, that the maximum sentence was death by electrocution, and that the trial court was not bound by the agreement.
Based on the plea agreements, the Ireland form, and the colloquy, the trial court accepted appellant’s plea of “guilty.” Nevertheless, pursuant to the “plea agreement” and Prothro v. State, 370 So.2d 740 (Ala.Cr.App.1979), the trial court empaneled a jury to make guilt and punishment determinations. During the guilt phase of the trial, in addition to the State’s substantial circumstantial evidence of appellant’s guilt, the appellant’s guilty plea and all the facts and circumstances surrounding it were presented to the jury. This was also done pursuant to a provision of the “plea agreement.”
. The jury found the appellant guilty of the capital felony charged in the indictment and after a separate sentencing hearing, pursuant to the State’s recommendation, fixed appellant’s punishment at life imprisonment without parole. The trial court conducted a separate sentencing hearing wherein it sentenced appellant to life imprisonment without parole.
Initially, the appellant contends that, in determining that his guilty plea was made voluntarily and intelligently, the trial court erred because it failed to solicit the details of the crime from the appellant himself. This contention is without merit.
The trial court must be satisfied that there is a factual basis for the guilty plea, but “it is not necessary that the factual basis of the plea be established through the statements of the defendant where there is other information before the trial judge from which he can make this determination.” Young v. State, 408 So.2d 199 (Ala.Cr.App.1981); see also, Davis v. State, 348 So.2d 844, 847 (Ala.Cr.App.), cert. denied, 348 So.2d 847 (Ala.1977) and Bland v. State, 56 Ala.App. 547, 323 So.2d 730 (1975) (where voluntary and intelligent guilty plea determinations were upheld even in the absence of a recorded colloquy with the defendant).
In the instant case there was an abundance of “other information” to support the trial court’s determination that the “guilty plea” was made voluntarily and intelligently. In open court the appellant signed a “plea agreement” and an Ireland form, both of which confirmed that he was voluntarily and intelligently pleading guilty to the capital felony charged in the indictment. The indictment was quite specific in charging that the appellant robbed his grandmother of $747 and killed her by beating her to death with a 2 X 4 piece of wood. Before empaneling the jury the trial court conducted a thorough colloquy with the appellant and determined that the appellant fully understood the charge against him and the nature and consequences of his plea of guilty. After the jury was empaneled the prosecution, in its opening statement, summarized the factual basis for the offense charged in the indictment. The trial court conducted a second colloquy with the defendant in the presence of the jury to insure that the appellant’s guilty plea was made intelligently and voluntarily. Furthermore, the trial court’s determination that there was a factual basis for the plea was verified by the evidence presented during the guilt phase hearing before the jury.
Under these circumstances the trial court did not err in determining that the guilty plea was made voluntarily and intelligently. Moreover, the trial court did not sentence the appellant until the jury had found him guilty and had fixed his punishment at life imprisonment without parole.
The appellant further contends that the trial court erred in denying his motion to *696 exclude the State’s evidence on the ground that the State failed to present a prima facie case. The appellant argues that there was no evidence of a “robbery” which is required to support the charge of “[rjobbery or attempts thereof when the victim is intentionally killed by the defendant.” Ala.Code § 13A-5-31(a)(2) (1975).
Contrary to appellant’s assertions, there was sufficient evidence of a “robbery.” The appellant and his grandmother were alone in her home at the time of her death. The door leading outside was locked from the inside. When the police arrived they found his grandmother’s purse under the body and some empty food stamp envelopes. When the appellant was searched shortly after his arrest, the police found $747 and some food stamps. Witnesses testified that the appellant had no money when he went to stay with his grandmother a few days before she was killed.
In addition to this circumstantial evidence, the State presented testimony with reference appellant’s final statement to the police. In that statement he admitted that he killed his grandmother and took the money from her purse.
This evidence was sufficient to support a prima facie case of the capital felony charged in the indictment.
Furthermore, the appellant’s guilty plea and all the documents in support thereof were also before the jury. Although not conclusive on the issue of guilt in capital felony cases (see Prothro, supra), the appellant’s plea, as a voluntary and intelligent admission of guilt, was proper evidence in support of the other facts and circumstances establishing the case against the appellant. See, Watters v. State, 369 So.2d 1262 (Ala.Cr.App.1978), rev’d on other grounds, 369 So.2d 1272 (Ala.1979); Baldwin v. State, 372 So.2d 26 (Ala.Cr.App.1978), aff’d, 372 So.2d 32 (Ala.1979), vacated on other grounds, 448 U.S. 903, 100 S.Ct. 3043, 65 L.Ed.2d 1133 (1980) (affirming the use of confessions in support of other proof of the corpus delicti).
Appellant further contends on appeal that the trial court erred in failing to instruct the jury on the alleged lesser included offenses of manslaughter and criminally negligent homicide.
During the guilt phase hearing but outside the presence of the jury the appellant suggested, orally, that the trial court charge, generally, on lesser-included offenses. The trial court concluded that there was no reasonable theory of the evidence to support any lesser included offense and implied that he did not intend to include any lesser offenses in his jury charge. The appellant did not request a written charge on any lesser included offenses and at the conclusion of the court’s oral charge, he announced that he was “satisfied.” In failing to submit requested written instructions, the appellant failed to preserve this issue for our review. Barclay v. State, 368 So.2d 579 (Ala.Cr.App.), cert. denied, 368 So.2d 581 (Ala.1979); Hall v. State, 375 So.2d 536 (Ala.Cr.App.1979); Hollis v. State, 399 So.2d 935 (Ala.Cr.App.1981). This is not a case “in which the death penalty had been imposed.” (A.R.A.P. 45A), so the Plain Error Rule does not apply. McGinnis v. State, 382 So.2d 605 (Ala.Cr.App.1979), cert. denied, 382 So.2d 609 (Ala.1980); Cook v. State, 384 So.2d 1158 (Ala.Cr.App.), cert. denied, 384 So.2d 1161 (Ala.1980).
In conclusion, we note that the trial court, at each stage of the proceedings below, gave the appellant ample opportunity to withdraw his plea of guilty or to have a mistrial declared if he, the appellant, was not satisfied. For aught that appears in the record the appellant was satisfied that the provisions of his plea agreement were met and that he was convicted and sentenced in accordance with the due process of law. See, Lane v. State, 412 So.2d 292 (Ala.1982).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.