The appellant, Arthur Lee Giles, was charged by an indictment returned against him by the Grand Jury of Blount County for a first degree assault of Annie M. Nelson. He entered a plea of not guilty, was found guilty of assault with intent to murder as charged in the indictment, and was duly sentenced to be imprisoned in the penitentiary for a term of twenty years. He appeals to this Court.
Appellant was at all proceedings in the trial court, and is in this Court represented by counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief three reasons why his conviction should be reversed. First, that the trial court erred in overruling his motion to exclude the evidence on the grounds that the state failed to prove the elements of the alleged offense beyond a reasonable doubt. Second, by charging the jury as follows: "When the assault is made with a deadly weapon in sufficient proximity to inflict a deadly wound, the law implies malice from the use of such instrument." Third, in refusing to charge the jury on the lesser included offenses over defendant's objection over the failure to do so.
State's evidence tended to prove that Annie M. Nelson, on November 10, 1978, and for many years before, a person about eighty-nine years of age, lived in her home in the Rosa Community in Blount County, Alabama. That her son, Carl Nelson, his wife, Willene Nelson, her grandson, Tony Nelson, her little granddaughter, Brenda Nelson, and her little grandson, Charlie Nelson, all lived there in her home with her. That about two years before November 10, 1978, the appellant, Arthur Lee Giles, worked on the farm for her son, Carl Nelson. That on the night of November 10, 1978, her grandsons were asleep in their bedroom, her son, and his wife, and little daughter were asleep in their bedroom, and Annie M. Nelson was asleep in her bedroom, when at about three-thirty, A.M., Tony Nelson was awakened by the light in his bedroom being turned on, and he saw the appellant standing at the foot of his bed. That the appellant was asked to leave the house, and went out of the bedroom, and when Tony got out of the bed, and went near the door going onto the porch, the appellant said to him, "HERE," and shot Tony Nelson in the chest; that Tony fell to the floor, and the appellant shot Tony again in the back of the neck while he was lying on the floor. That Tony got out of the house and under a truck where he heard several other shots fired from inside the house. That Annie M. Nelson was then shot in the face by the appellant when they both were standing in a few feet of each other in the house, and she still has a bullet in her neck. That Annie M. Nelson identified the appellant as the person who shot her. That Charlie Nelson saw the appellant when the appellant shot his grandmother, Annie M. Nelson, and Charlie then went into his father's bedroom, and saw the appellant and one Aaron Jones come in the bedroom. The appellant had a gun in his hand, and Aaron Jones had a butcher knife in his hand. That the appellant, and Aaron Jones left the Nelson's home in a car. The state rested its case. The appellant made a motion to exclude state's evidence on the grounds that the state failed to make out a case against this defendant. The court *Page 1239 
overruled appellant's motion to exclude. The appellant offered no evidence in his behalf.
When a motion to exclude state's evidence is made on the grounds that the state has failed to make out a prima facie case because the evidence is insufficient to support a finding of guilty beyond a reasonable doubt, it is the duty of the trial court to determine the sufficiency of the evidence to sustain a conviction under the indictment. In determining if the evidence of the state is sufficient to sustain a verdict, the trial court should consider only the evidence before the jury of the facts at the time the motion is made, and must consider it most favorably to the state. Where there is evidence from which the jury may by fair inference find the defendant guilty, the trial court should submit the case to the jury to determine the weight it will give the evidence, and this Court should not disturb the verdict.
We hold that under state's evidence, and all reasonable inferences therefrom, the evidence in this case is sufficient to sustain a jury verdict of guilty of assault in the first degree as charged in the indictment, and that the trial court did not err to the prejudice of the appellant in overruling his motion to exclude state's evidence. Hinds v. State, Ala.Cr.App., 423 So.2d 1382; Dolvin v. State, Ala.,391 So.2d 133; Barbee v. State, Ala.Cr.App., 395 So.2d 1128; Crumpton v.State, Ala.Cr.App., 402 So.2d 1081; Johnson v. State, Ala.Cr.App., 378 So.2d 1164, certiorari quashed, Ala.,378 So.2d 1173; Kelly v. State, Ala.Cr.App., 423 So.2d 343; Bozemanv. State, Ala.Cr.App., 401 So.2d 167, certiorari denied, Ala.401 So.2d 171, certiorari denied, 454 U.S. 1058, 102 S.Ct. 606,70 L.Ed.2d 595.
Appellant states in his brief, for the second reason why his conviction should be reversed, that the trial court erred to his prejudice when it charged the jury: "When the assault is made with a deadly weapon in sufficient proximity to inflict a deadly wound, the law implies malice from the use of such instrument." Under the undisputed evidence the appellant shot Annie M. Nelson in the face with a gun. At the date of the trial she still had the bullet in her neck. The evidence before the jury fully supports the jury's finding that the shooting was with malice, and with the intent to kill. The court, in its oral charge, further explained to the jury the rebuttable nature of the presumptions, and instructed the jury that it was a question to be determined by the jury upon consideration of all the evidence.
We hold that under the facts in this case, and the oral charge of the court, the trial court did not err to the prejudice of the appellant in its oral charge to the jury. Exparte Bayne, Ala., 375 So.2d 1239; Hall v. State, Ala.Cr.App.,348 So.2d 870, certiorari denied, Ala., 348 So.2d 875;Sommerville v. State, Ala.Cr.App., 361 So.2d 386, certioraridenied, Ala., 361 So.2d 389.
Appellant's third contention in his brief is that the trial court erred to his prejudice when it refused to charge the jury on the lesser included offenses over defendant's objection over the failure to do so. The defendant's objection in the record before us states that: "Third, we object to the court's failure to give jury charges on lesser and included offenses to the offense of assault with intent to murder. The Court: Namely? Mr. Kennedy: Assault and battery." The objection was overruled. There are no requested, written charges made by the appellant to the trial court in this record, therefore there is nothing presented to this Court to decide. The correct way to review this issue is for the defendant to submit a written, requested charge concerning the matter omitted from the oral charge, assign his grounds for the objection, and object to the trial judge's refusal to give his requested, written charge. Rule 14,Alabama Rules of Criminal Procedure, Temporary; Lidge v. State, Ala.Cr.App., 419 So.2d 610, certiorari denied, Ala.,419 So.2d 616; Ciervo v. State, Ala.Cr.App., 342 So.2d 394, certioraridenied, Ala., 342 So.2d 403; Winstead v. State, 53 Ala. App. 222, 298 So.2d 642, certiorari denied, 292 Ala. 761,298 So.2d 646.
The judgment of the trial court is due to be, and is hereby affirmed. *Page 1240 
The foregoing opinion was prepared by Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur, except HUBERT TAYLOR, J., who concurs in the result only.