Jerry Jones, also known as Jerome Pelmer, also known as Jerry Jhone, was charged in Shelby County, Alabama, with the murder of his brother-in-law. He was convicted, and because of his three prior felony convictions, he was sentenced to life without parole under the Habitual Felony Offenders' Act. On appeal he makes three contentions.
 I
The appellant first contends that he had sufficiently established his self-defense claim. Evidence was presented to the jury of prior difficulties between the appellant and his wife's brother, the deceased. There appears to have been evidence on both sides of the question of self-defense. The defense of self-defense is an issue to be determined in a criminal prosecution by the jury. Atchley v. State,393 So.2d 1034 (Ala.Cr.App. 1981); Warren v. State, 380 So.2d 305
(Ala.Cr.App. 1979), cert. denied, 380 So.2d 307 (Ala. 1980);Moore v. State, 364 So.2d 411 (Ala.Cr.App.), cert. denied,364 So.2d 416 (1978). This contention is without merit.
 II
Appellant contends that the trial court should have charged on the "lesser included offense of criminally negligent homicide." In order to preserve for review the fact of the trial court's not charging on lesser included offenses, written requested charges on the lesser included offense ought to have been requested of the court by the defendant. Harris v. State,412 So.2d 1278 (Ala.Cr.App. 1982); Harville v. State,386 So.2d 776 (Ala.Cr.App. 1980).
From the record it appears that no such charges were ever requested. The court did not err in this respect.
 III
Appellant finally contends that the Alabama Habitual Felony Offenders Act violates the Eighth Amendment prohibition against cruel and unusual punishment. We have addressed this issue in a number of cases. Even without the prior felony convictions, in this case, where the appellant fired three shots into an unarmed victim, the punishment appears to have been in proportion to the crime. We hold that this contention is without merit.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1332