The appellant in this case was indicted for burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. The jury found the appellant guilty as charged in the indictment and the trial judge sentenced the appellant to 20 years' imprisonment as a habitual offender.
 I
The appellant raises three issues on appeal. First, he contends his constitutional rights were violated because the prosecution used its peremptory strikes to exclude young, black males from the jury. This white appellant has failed to demonstrate that he was prejudiced by the prosecution's use of its peremptory strikes. Walker v. State, 428 So.2d 139
(Ala.Cr.App. 1982). Therefore, there is no error for reversal on this issue.
 II
Secondly, the appellant alleges error in this cause, because the trial court failed to instruct the jury on trespassing as a lesser included offense. The appellant failed to submit a written charge on the subject and, therefore, this issue is not preserved for our review. Ala. Code § 12-16-13 (1975). Allen v.State, 414 So.2d 989 (Ala.Cr.App. 1981), affirmed 414 So.2d 993
(Ala. 1982).
 III
Thirdly, the appellant claims his sentence was disproportionate to the nature of the crime he committed. Considering the appellant's prior record, his sentence does not offend the holding of the United States Supreme Court in Solem,Warden v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 77 L.Ed.2d 637
(1983); Jackson v. State, 440 So.2d 1181 (Ala.Cr.App. 1983).
Therefore, for the reasons stated above, this case is affirmed.
AFFIRMED.
All the Judges concur. *Page 1321