SAM TAYLOR, Judge.
A Calhoun County jury found Robert Lee Gorman guilty of robbery in the second degree. He was sentenced to life imprisonment.
The state’s evidence tended to show that Aubrey Shears and his wife returned to their home about 7:30 in the evening. Suspecting that someone was in their garage, they turned their truck lights on in order to shine them into the garage. Mr. Shears then saw the defendant kneeling beside a car with a lug wrench in his hands, obviously taking the lug nuts off one of the car wheels. Shears’s boat had been backed in the garage and the pad-locked wing nuts on the boat’s motor had been broken. Another man, James DeMoonie, was seen standing behind the boat. Both the appellant and DeMoonie edged toward the front of the garage and stood together in front of Mr. Shears. Shears pulled his knife, and opened the blade. The appellant said,' “Oh, the hell with it,” and swung at Shears, who dodged the blow. Both the intruders ran. DeMoonie shoved Shears with both hands as he ran past. Shears tackled DeMoonie in the yard. Police Officer Billy Lett arrived at the Shears home at approximately 7:30 p.m. He checked on the identification of an automobile parked about 100 yards from the Shears home and found that it belonged to DeMoonie. Later, the DeMoo-nie vehicle started rolling down the street with the headlights off. Officer Lett followed the vehicle and eventually caught up with the appellant, who was driving, and arrested him for driving while under the influence of alcohol.
I
On appeal, Gorman first asserts that the state failed to make out a prima facie case, and that the court should have granted his motion for a judgment of acquittal. Specifically, he contends that the state failed to prove the elements of robbery, denying that force or threat of force was proven.
The indictment in this case charged that the appellant, Robert Lee Gorman,
“... did, in the course of committing a theft of One (1) 25 horsepower Evenrude outboard motor, the property of Aubrey L. Shears, while being aided by James Daniel DeMoonie, another person, who was actually present, threatened the imminent use of force against the person of Aubrey L. Shears, with intent to overcome his physical resistance or physical power of resistance, in violation of Section 13A-8-4 of the Code of Alabama.”
Appellant contends that there was a failure of proof as to his use or threat of force.
A person commits the crime of robbery in the second or third degree, under Section 13A-8-42, and Section 13A-8-43, Code of Alabama 1975, if, in the course of committing a theft, or in flight after the attempt or commission, he uses, or threatens the use of imminent force against the owner or any person present, with the intent to overcome his physical resistance. Petty v. State, 414 So.2d 182 (Ala.Cr.App. 1982). Section 13A-8-40(b) states:
“ ‘In the course of committing a theft’ embraces acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission.”
That definition exactly fits the facts in this case. Appellant’s contention is without merit.
II
Appellant next contends that the trial court should have allowed an amendment to the indictment to include lesser included offenses. Appellant also claims the court should have charged on lesser offenses. The court, in fact, did charge on the lesser included offense of third degree robbery. Appellant made no written request for a jury instruction on attempted theft, and so did not preserve the issue. Allen v. State, 414 So.2d 989 (Ala.Cr.App.), aff’d, 414 So.2d 993 (Ala.1982). The court certainly did not err in not amending an indictment on the motion of the appellant.
*497 III
Appellant finally contends that the court erred in overruling an objection to statements made by the prosecutor during summation. From an examination of the record, it is difficult to tell exactly what the district attorney said, and what point he was trying to make. We are unable to say that the statements were improper, and consequently, we will not consider reversal on the basis of this record.
This case is affirmed.
AFFIRMED.
All the Judges concur.