Marion and Liz Skipper's home was destroyed by fire. Alabama Farm Bureau Mutual Casualty Insurance Company (Farm Bureau), which insured the home, paid the mortgagee listed on the policy for the loss. Subsequently, Farm Bureau filed a declaratory judgment action against the Skippers, claiming that under the concealment or fraud provision of the insurance policy, the policy was void because of misrepresentations made by the Skippers in their application for insurance concerning whether or not the Skippers had ever been sued. The pertinent provisions follow:
 "Concealment, fraud. This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."
Farm Bureau also claimed that pursuant to the subrogation provision of the policy, the Skippers should reimburse Farm Bureau for the amount paid to the mortgagee.
The Skippers counterclaimed against Farm Bureau, alleging breach of contract and bad faith refusal to settle the claim. Farm Bureau later amended its complaint to allege that the Skippers' statements denying that they had removed furniture from their home prior to the fire were false.
The case proceeded to trial on all claims. In defense of the bad faith claim, Farm Bureau sought to introduce the hearsay testimony of witnesses who claimed to *Page 1272 
have known about or seen the Skippers moving furniture from their home just prior to the fire. This testimony was offered to show what information Farm Bureau had in its files at the time it filed the declaratory judgment action. One objection to this evidence was sustained and one was withdrawn, at which time no limiting instruction was requested. At the close of Farm Bureau's case in chief, the trial court entered a directed verdict in favor of Farm Bureau on the Skippers' bad faith claim.
Well into the Skippers' case in chief (five witnesses had been examined), the trial judge, ex mero motu, interrupted the direct examination of Marion Skipper to instruct the jury as follows:
 "Ladies and Gentlemen, I want to tell you at this time the only thing that is before you is the declaratory judgment that Alabama Farm Bureau filed against the Skippers deciding whether they should be obligated to pay under the insurance claim and the counterclaim that the Skippers have filed against the insurance company asking them to pay under the policy.
"The bad faith claim no longer exists."
The Skippers did not object to this instruction nor did they request any other jury instructions with respect to the bad faith claim and the evidence presented in defense thereof.
After all the evidence was presented, the trial court denied the Skippers' motion for directed verdict on Farm Bureau's claim that the Skippers misrepresented that they did not remove furniture from their home just prior to the fire. The misrepresentation/subrogation claim and the Skippers' breach of contract claim were submitted to the jury. The jury returned a verdict of $40,000 in favor of Farm Bureau, and the trial court entered judgment on the verdict. No pre-judgment or post-judgment motions were filed by the Skippers.
The Skippers present basically two issues on appeal: (1) Did the trial court err in failing to direct a verdict for the Skippers on Farm Bureau's claim of misrepresentation? (2) Did the trial court err in failing to instruct the jury to disregard the evidence presented in defense of the bad faith claim, specifically the hearsay testimony admitted, which, if taken for the truth of the matter asserted, supported Farm Bureau's claim of misrepresentation by the Skippers? We conclude that neither of these issues is reviewable because they were not properly preserved under Rules 50 and 51, A.R.Civ.P.
First, by challenging the trial court's denial of their motion for directed verdict, the Skippers are asking this Court to review the sufficiency of the evidence presented at trial. Because the Skippers failed to move for a judgment notwithstanding the verdict, they have waived any right to attack the sufficiency of the evidence on appeal. In Great Atlantic Pacific Tea Co. v. Sealy, 374 So.2d 877, 881-882 (Ala. 1979), this Court said:
 "The reason for requiring a party to move for J.N.O.V. is inherent in the very nature of Rule 50. Rule 50 sets up an interlocking set of procedures that allow a party to attack the sufficiency of his opponent's evidence. Those procedures are closely related and must be followed. Their interlocking relationship is demonstrated by the fact that a post-trial motion for J.N.O.V. is really just a renewal of a party's motion for directed verdict, and the J.N.O.V. motion cannot be granted unless the motion for directed verdict should have been granted. . . . Also inherent in Rule 50 is the intent to place the primary responsibility on the trial judge to determine the sufficiency of the evidence. To facilitate this responsibility Rule 50 (b) allows the court to reserve a ruling on the sufficiency of the evidence until after the jury verdict. . . .
". . . .
 "We find the procedures contained in Rule 50 devise a precise plan for attacking the sufficiency of the evidence. This plan recognizes the important role played by the trial judge in determining that sufficiency. The final step in preserving appellate review of the sufficiency of the *Page 1273 
evidence in a jury trial is the making of a timely motion for J.N.O.V. Failure to make that motion prohibits appellate review of the sufficiency of the evidence. . . . For this court to review a jury verdict on the ground there was insufficient evidence to support it, both a motion for directed verdict at the close of all the evidence and a post-trial motion for J.N.O.V. must be made. . . . We, therefore, hold the timely filing of a motion for J.N.O.V. is required in order to preserve a party's right, on appeal, to attack the sufficiency of the evidence in a jury trial."
Second, Rule 51, A.R.Civ.P., set forth in pertinent part below, states what is required in order to challenge on appeal the jury instructions that were or were not given at trial:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . ." (Emphasis added.)
Moreover, "the law of this state requires that an objection to the failure to charge on a particular subject . . . must be by way of a requested written charge." City of Birmingham v. Wright,379 So.2d 1264, 1266 (Ala. 1980). As we have already pointed out, the Skippers neither orally objected to the instruction given by the trial judge nor submitted a requested written instruction to be given on the subject of the hearsay evidence allowed in on the bad faith issue. Therefore, the alleged error was in no way properly preserved for our review.
Accordingly, the judgment below is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES and EMBRY, JJ., concur.