497 So.2d 201 (1986)
Ex parte STATE of Alabama.
(Re Randy Lee MATKINS v. STATE of Alabama).
85-542.
Supreme Court of Alabama.
October 3, 1986.
Charles A. Graddick, Atty. Gen. and Jane LeCroy Brannan, Asst. Atty. Gen., for petitioner.
Phillip B. Price, Huntsville, for respondent.
MADDOX, Justice.
We granted certiorari to review the following question:
In a criminal case, is a defendant precluded from claiming error in the trial court's failure, in its oral charge, to instruct the jury on a particular matter because the defendant failed to file any written requested instruction?
To answer this question, we must consider the application of Temporary Rule 14, Ala.R.Crim.P., which provides, in pertinent part, as follows:

*202 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court. Opportunity shall be given to make the objection out of the hearing of the jury. In charging the jury, the judge shall not express his opinion of the evidence. (Adopted 6-4-82, eff. 7-16-82.)"
The State contends that the trial court, in this case, should not be put in error for refusing to instruct the jury concerning any lesser included offense, because the defendant did not request an instruction in writing. We disagree.
The portion of Rule 14 quoted above is identical to the language of its civil counterpart, Rule 51, Ala.R.Civ.P., at the time of defendant's trial on September 15, 1983.
We are aware that some confusion has existed about whether a trial court can be put in error for failure to give an instruction unless the party objecting requests additional written instructions, but we are of the opinion that there was no requirement for the defendant to request a written instruction in this case. We note that this Court amended Rule 51, Ala.R.Civ.P., effective March 1, 1984, which was after the date of defendant's trial, to add the following sentence: "Additional instructions shall be submitted in writing, except that with respect to any additional instruction taken from Alabama Pattern Jury Instructions, it shall be sufficient to identify said instruction on the record by reference to the number and title of said pattern jury instruction." No such amendment has been made to Temporary Rule 14, Ala.R. Crim.P. Both Rule 14 and Rule 51 are identical, however, in stating that "[s]ubmission of additional explanatory instructions shall not be required unless requested by the court."
At the time of the adoption of Rule 14, we held that its purpose was to "harmonize the procedure regarding instructions in both civil and criminal cases." Ex parte Allen, 414 So.2d 993, 995 (Ala.1982), and at the time of defendant's trial, the language of the two rules was the same.
The following occurred in the trial court at the conclusion of the argument by counsel in this case:
"Ladies and Gentlemen, I realize that it is after five, but I believe that my charge will be relatively short and I think that I will go ahead and charge you now.
"MR. PRICE [Defendant's attorney]: Your Honor, may I approach the bench?
"THE COURT: Yes.
"(The following occurred at the bench.)
"MR. PRICE: I specifically make a request in the record that there be a charge by the court on the lesser included offenses of manslaughter as well as negligent homicide; that the facts support a charge on both two lesser included offenses.
"THE COURT: All right."
At the conclusion of the court's oral charge, the following also occurred "out of the presence of the jury":
"MR. PRICE: At this time, at the conclusion of the Court's charge, we object to the Court's failure to give the charges on the lesser included offenses of manslaughter and negligent homicide, in that the facts have brought out evidence that would warrant such charges."
The attorney specifically stated the matter to which he objected and the grounds of his objection. We hold that the proper procedure for objecting to the court's charge under Rule 14 and Rule 51 is to state the matter to which the party objects and the grounds of his objection.
This Court, in Robinson v. Harris, 370 So.2d 961 (Ala.1979), in construing Rule 51, involving a similar factual setting, held:
"Before adoption of the ARCP, under prevailing Alabama practice, a trial judge could not be reversed for his failure to instruct the jury upon a contention *203 (which some of the evidence might support) unless an explanatory charge remedying such omission was requested. Gilmore Industries, Inc. v. Ridge Instrument Co., 288 Ala. 127, 258 So.2d 55 (1972); Johnson v. Coker, 281 Ala. 14, 198 So.2d 299 (1967).
"By its express terms, Rule 51 permits an objection to an `erroneous, misleading, incomplete or otherwise improper oral charge.' (Emphasis supplied.) This effects a change in the former practice by permitting `broader grounds for objection to the oral charge' and `expands upon the Federal Rule,' in the words of the Committee Comments. Moreover, it is pointed out in the Comments that if `the court upon hearing an objection to the charge declines to supplement or modify its charge, the matter is preserved for appellate purposes.'
"The rule itself states that no additional explanatory instructions are required `unless requested by the court.' Rule 51 ARCP.
"Thus, as the objection here was sufficient to call the court's attention to this omission to charge on plaintiff's other theories for recovery, reversible error may be predicated thereon."
There are other civil cases which appear at first glance to conflict with this Court's holding today; however, we are of the opinion that these cases are distinguishable. See Skipper v. Alabama Farm Bureau Mutual Casualty Insurance Co., 460 So.2d 1270 (Ala.1984) (this Court spelled out the reason why a written request was necessary in that case, as follows: "The Skippers neither orally objected to the instructions given by the trial judge nor submitted a requested written instruction to be given on the subject of the hearsay evidence allowed in on the bad faith issue. Therefore, the alleged error was in no way preserved for our review."); Reynolds v. McEwen, 416 So.2d 702 (Ala.1982) (court did not err in its charge to the jury because the plaintiff made a claim for malicious prosecution only and not for abuse of process); City of Birmingham v. Wright, 379 So.2d 1264 (Ala.1980) (Rule 51 requires that a party must state the "matter to which he objects and the grounds of his objection"; appellant failed to state the grounds for the objection); Liberty Truck Sales, Inc. v. Fountain, 381 So.2d 646 (Ala.Civ.App. 1980) (the defendant questioned the judge's charge, and the Court of Civil Appeals found that the charge given was sufficient as an oral charge).
Similarly, there are cases from the Court of Criminal Appeals which hold that the appellant should have filed written requested instructions. See Jones v. State, 453 So.2d 1330 (Ala.Crim.App.1984); Gorman v. State, 448 So.2d 495 (Ala.Crim.App. 1984); Blues v. State, 447 So.2d 1319 (Ala. Crim.App.1984); Giles v. State, 440 So.2d 1237 (Ala.Crim.App.1983); Eady v. State, 424 So.2d 694 (Ala.Crim.App.1982). In those cases, the parties met the first requirement of Rule 14 by stating the matter to which they objected (e.g., lesser included offenses) but failed to state with particularity the grounds of their objection. To the extent that those opinions in the Court of Criminal Appeals are inconsistent with this holding today, however, they are no longer to be followed.
The State contends that the alleged error was not properly preserved for appellate review because of our holding in Ex parte Washington, 448 So.2d 404 (Ala.1984). We disagree. On the particular question posed here, whether a written requested instruction must be made, this Court held:
"The Court of Criminal Appeals held that the objection failed to preserve the alleged error as it was fragmentary and that, `Where, as here, counsel asserts the oral charge is not as full and instructive as defendant's counsel desires, his remedy is to tender written charges which elucidate and explain the defendant's theory of the case.' Washington v. State, 448 So.2d 398 (Ala.Cr.App.1983). We disagree." (Emphasis added.)
448 So.2d at 406.
The decision in Ex parte Washington, supra, is, therefore, consistent with the holding made in this opinion.
*204 For the reasons stated above, the judgment of the Court of Criminal Appeals is due to be, and it hereby is, affirmed.
AFFIRMED.
ALMON, SHORES, BEATTY, ADAMS, HOUSTON, and STEAGALL, JJ., concur.
TORBERT, C.J., and JONES, J., concur specially.
TORBERT, Chief Justice (concurring specially).
I concur specially for two reasons. First, I believe that it would be unjust to require the defendant to submit a written instruction on the lesser included offenses under the facts of this case. Prior to the trial court's charging the jury, the defendant's attorney asked the court to charge on the lesser included offenses. The court replied, "All right." Accordingly, the defendant was justified in relying on the trial court's agreement to so charge. However, the trial court did not give the charge and the defendant objected to the failure to charge on the lesser offenses. Under these facts I would hold that the defendant sufficiently preserved the error.
Second, in this state, it has never been entirely clear whether a party must submit written requested instructions in order to preserve for review on appeal the error of the trial judge in refusing to charge on a particular subject. The majority's opinion holds that one does not have to submit written instructions; that a party need only state the matter to which he objects and the grounds of his objection. The majority's opinion changes a long line of precedent in this state with a new construction of Temporary Rule 14, A.R.Crim.P. The majority is correct when it says that "the proper procedure for objecting to the court's charge under Rule 14 and Rule 51 A.R.Civ.P. is to state the matter to which the party objects and the grounds of his objection." However, the proper procedure for objecting to the court's refusal or omission to charge on a particular subject has long been held to be by way of a requested written charge.
The requirement of requested written charges as the remedy for the court's refusal or omission to charge has been recognized in both civil and criminal law. The majority's attempt to distinguish the civil cases is flawed, for all those cases cited unequivocally state that the law of this state requires that an objection to the failure to charge on a particular subject must be by way of a requested written charge. Skipper v. Alabama Farm Bureau Mutual Casualty Ins. Co., 460 So.2d 1270, 1273 (Ala.1984); Reynolds v. McEwen, 416 So.2d 702, 706 (Ala.1982); City of Birmingham v. Wright, 379 So.2d 1264, 1266 (Ala.1980); Liberty Truck Sales, Inc. v. Fountain, 381 So.2d 646, 648 (Ala.Civ.App.1980). The Committee comments to the 1984 amendment to Rule 51 clearly state, "This amendment solidifies the general requirement that requested additional instructions be submitted in writing."
Also, the majority is incorrect when it says that the cases of the Court of Criminal Appeals which it cites deal with whether the parties failed to state with particularity the grounds of their objections. Every one of the cases cited affirms the rule that in order to preserve for review the fact of the trial court's not charging on lesser included offenses, written requested charges ought to have been requested of the court by the defendant. Jones v. State, 453 So.2d 1330, 1331 (Ala.Crim.App.1984); Gorman v. State, 448 So.2d 495, 496 (Ala. Crim.App.1984); Blues v. State, 447 So.2d 1319, 1320 (Ala.Crim.App.1984); Giles v. State, 440 So.2d 1237, 1239 (Ala.Crim.App. 1983); Eady v. State, 424 So.2d 694, 696 (Ala.Crim.App.1982). The cases of the Court of Criminal Appeals upholding the requirement of written charges as the means for remedying an omission in the court's charge are legion, both before and after the adoption of Temporary Rule 14. Representative cases include: Ballard v. State, 461 So.2d 899, 905 (Ala.Crim.App.), cert. denied, 461 So.2d 899 (Ala.1984); Lewis v. State, 439 So.2d 1353, 1355 (Ala. Crim.App.), cert denied, 439 So.2d 1353 (Ala.1983); Spears v. State, 402 So.2d 1073, *205 1077 (Ala.Crim.App.), cert. denied, 402 So.2d 1078 (Ala.1981); Smith v. State, 53 Ala.App. 657, 659, 303 So.2d 157 (Ala.Crim. App.1974).
I want to make it clear that the Court's opinion does indeed change the procedure for objecting to an omission in the jury charge in criminal cases. This change does clarify what is required of a party when he objects to an omission in the jury charge, and it lessens the burden on the objecting party, for it puts the burden of devising proper jury instructions on the judge. I wish to point out that under Temporary Rule 14 the trial court may still require that the objecting party submit written explanatory instructions. Such a request will shift the burden of devising proper instructions back to the objecting party.
JONES, J., concurs.