We granted certiorari to review the following question:
In a criminal case, is a defendant precluded from claiming error in the trial court's failure, in its oral charge, to instruct the jury on a particular matter because the defendant failed to file any written requested instruction?
To answer this question, we must consider the application of Temporary Rule 14, Ala.R.Crim.P., which provides, in pertinent part, as follows: *Page 202 
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court. Opportunity shall be given to make the objection out of the hearing of the jury. In charging the jury, the judge shall not express his opinion of the evidence. (Adopted 6-4-82, eff. 7-16-82.)"
The State contends that the trial court, in this case, should not be put in error for refusing to instruct the jury concerning any lesser included offense, because the defendant did not request an instruction in writing. We disagree.
The portion of Rule 14 quoted above is identical to the language of its civil counterpart, Rule 51, Ala.R.Civ.P., at the time of defendant's trial on September 15, 1983.
We are aware that some confusion has existed about whether a trial court can be put in error for failure to give an instruction unless the party objecting requests additionalwritten instructions, but we are of the opinion that there was no requirement for the defendant to request a written instruction in this case. We note that this Court amended Rule 51, Ala.R.Civ.P., effective March 1, 1984, which was after the date of defendant's trial, to add the following sentence: "Additional instructions shall be submitted in writing, except that with respect to any additional instruction taken from Alabama Pattern Jury Instructions, it shall be sufficient to identify said instruction on the record by reference to the number and title of said pattern jury instruction." No such amendment has been made to Temporary Rule 14, Ala.R.Crim.P. Both Rule 14 and Rule 51 are identical, however, in stating that "[s]ubmission of additional explanatory instructions shall not be required unless requested by the court."
At the time of the adoption of Rule 14, we held that its purpose was to "harmonize the procedure regarding instructions in both civil and criminal cases." Ex parte Allen,414 So.2d 993, 995 (Ala. 1982), and at the time of defendant's trial, the language of the two rules was the same.
The following occurred in the trial court at the conclusion of the argument by counsel in this case:
 "Ladies and Gentlemen, I realize that it is after five, but I believe that my charge will be relatively short and I think that I will go ahead and charge you now.
 "MR. PRICE [Defendant's attorney]: Your Honor, may I approach the bench?
"THE COURT: Yes.
"(The following occurred at the bench.)
 "MR. PRICE: I specifically make a request in the record that there be a charge by the court on the lesser included offenses of manslaughter as well as negligent homicide; that the facts support a charge on both two lesser included offenses.
"THE COURT: All right."
At the conclusion of the court's oral charge, the following also occurred "out of the presence of the jury":
 "MR. PRICE: At this time, at the conclusion of the Court's charge, we object to the Court's failure to give the charges on the lesser included offenses of manslaughter and negligent homicide, in that the facts have brought out evidence that would warrant such charges."
The attorney specifically stated the matter to which he objected and the grounds of his objection. We hold that the proper procedure for objecting to the court's charge under Rule 14 and Rule 51 is to state the matter to which the party objects and the grounds of his objection.
This Court, in Robinson v. Harris, 370 So.2d 961 (Ala. 1979), in construing Rule 51, involving a similar factual setting, held:
 "Before adoption of the ARCP, under prevailing Alabama practice, a trial judge could not be reversed for his failure to instruct the jury upon a contention *Page 203 
(which some of the evidence might support) unless an explanatory charge remedying such omission was requested. Gilmore Industries, Inc. v. Ridge Instrument Co., 288 Ala. 127, 258 So.2d 55 (1972); Johnson v. Coker, 281 Ala. 14, 198 So.2d 299 (1967).
 "By its express terms, Rule 51 permits an objection to an `erroneous, misleading, incomplete or otherwise improper oral charge.' (Emphasis supplied.) This effects a change in the former practice by permitting `broader grounds for objection to the oral charge' and `expands upon the Federal Rule,' in the words of the Committee Comments. Moreover, it is pointed out in the Comments that if `the court upon hearing an objection to the charge declines to supplement or modify its charge, the matter is preserved for appellate purposes.'
 "The rule itself states that no additional explanatory instructions are required `unless requested by the court.' Rule 51 ARCP.
 "Thus, as the objection here was sufficient to call the court's attention to this omission to charge on plaintiff's other theories for recovery, reversible error may be predicated thereon."
There are other civil cases which appear at first glance to conflict with this Court's holding today; however, we are of the opinion that these cases are distinguishable. See Skipperv. Alabama Farm Bureau Mutual Casualty Insurance Co.,460 So.2d 1270 (Ala. 1984) (this Court spelled out the reason why a written request was necessary in that case, as follows: "The Skippers neither orally objected to the instructions given by the trial judge nor submitted a requested written instruction to be given on the subject of the hearsay evidence allowed in on the bad faith issue. Therefore, the alleged error was in no way preserved for our review."); Reynolds v. McEwen,416 So.2d 702 (Ala. 1982) (court did not err in its charge to the jury because the plaintiff made a claim for malicious prosecution only and not for abuse of process); City of Birmingham v.Wright, 379 So.2d 1264 (Ala. 1980) (Rule 51 requires that a party must state the "matter to which he objects and the grounds of his objection"; appellant failed to state thegrounds for the objection); Liberty Truck Sales, Inc. v.Fountain, 381 So.2d 646 (Ala.Civ.App. 1980) (the defendant questioned the judge's charge, and the Court of Civil Appeals found that the charge given was sufficient as an oral charge).
Similarly, there are cases from the Court of Criminal Appeals which hold that the appellant should have filed written requested instructions. See Jones v. State, 453 So.2d 1330
(Ala.Crim.App. 1984); Gorman v. State, 448 So.2d 495
(Ala.Crim.App. 1984); Blues v. State, 447 So.2d 1319
(Ala.Crim.App. 1984); Giles v. State, 440 So.2d 1237
(Ala.Crim.App. 1983); Eady v. State, 424 So.2d 694
(Ala.Crim.App. 1982). In those cases, the parties met the first requirement of Rule 14 by stating the matter to which they objected (e.g., lesser included offenses) but failed to statewith particularity the grounds of their objection. To the extent that those opinions in the Court of Criminal Appeals are inconsistent with this holding today, however, they are no longer to be followed.
The State contends that the alleged error was not properly preserved for appellate review because of our holding in Exparte Washington, 448 So.2d 404 (Ala. 1984). We disagree. On the particular question posed here, whether a written requestedinstruction must be made, this Court held:
 "The Court of Criminal Appeals held that the objection failed to preserve the alleged error as it was fragmentary and that, `Where, as here, counsel asserts the oral charge is not as full and instructive as defendant's counsel desires, his remedy is to tender written charges which elucidate and explain the defendant's theory of the case.' Washington v. State, 448 So.2d 398 (Ala.Cr.App. 1983). We disagree." (Emphasis added.)
448 So.2d at 406.
The decision in Ex parte Washington, supra, is, therefore, consistent with the holding made in this opinion. *Page 204 
For the reasons stated above, the judgment of the Court of Criminal Appeals is due to be, and it hereby is, affirmed.
AFFIRMED.
ALMON, SHORES, BEATTY, ADAMS, HOUSTON, and STEAGALL, JJ., concur.
TORBERT, C.J., and JONES, J., concur specially.