I concur specially for two reasons. First, I believe that it would be unjust to require the defendant to submit a written instruction on the lesser included offenses under the facts of this case. Prior to the trial court's charging the jury, the defendant's attorney asked the court to charge on the lesser included offenses. The court replied, "All right." Accordingly, the defendant was justified in relying on the trial court's agreement to so charge. However, the trial court did not give the charge and the defendant objected to the failure to charge on the lesser offenses. Under these facts I would hold that the defendant sufficiently preserved the error.
Second, in this state, it has never been entirely clear whether a party must submit written requested instructions in order to preserve for review on appeal the error of the trial judge in refusing to charge on a particular subject. The majority's opinion holds that one does not have to submit written instructions; that a party need only state the matter to which he objects and the grounds of his objection. The majority's opinion changes a long line of precedent in this state with a new construction of Temporary Rule 14, A.R.Crim.P. The majority is correct when it says that "the proper procedure for objecting to the court's charge under Rule 14 and Rule 51 A.R.Civ.P. is to state the matter to which the party objects and the grounds of his objection." However, the proper procedure for objecting to the court's refusal or omission to charge on a particular subject has long been held to be by way of a requested written charge.
The requirement of requested written charges as the remedy for the court's refusal or omission to charge has been recognized in both civil and criminal law. The majority's attempt to distinguish the civil cases is flawed, for all those cases cited unequivocally state that the law of this state requires that an objection to the failure to charge on a particular subject must be by way of a requested written charge. Skipper v. Alabama Farm Bureau Mutual Casualty Ins.Co., 460 So.2d 1270, 1273 (Ala. 1984); Reynolds v. McEwen,416 So.2d 702, 706 (Ala. 1982); City of Birmingham v. Wright,379 So.2d 1264, 1266 (Ala. 1980); Liberty Truck Sales, Inc. v.Fountain, 381 So.2d 646, 648 (Ala.Civ.App. 1980). The Committee comments to the 1984 amendment to Rule 51 clearly state, "This amendment solidifies the general requirement that requested additional instructions be submitted in writing."
Also, the majority is incorrect when it says that the cases of the Court of Criminal Appeals which it cites deal with whether the parties failed to state with particularity the grounds of their objections. Every one of the cases cited affirms the rule that in order to preserve for review the fact of the trial court's not charging on lesser included offenses, written requested charges ought to have been requested of the court by the defendant. Jones v. State, 453 So.2d 1330, 1331
(Ala.Crim.App. 1984); Gorman v. State, 448 So.2d 495, 496
(Ala.Crim.App. 1984); Blues v. State, 447 So.2d 1319, 1320
(Ala.Crim.App. 1984); Giles v. State, 440 So.2d 1237, 1239
(Ala.Crim.App. 1983); Eady v. State, 424 So.2d 694, 696
(Ala.Crim.App. 1982). The cases of the Court of Criminal Appeals upholding the requirement of written charges as the means for remedying an omission in the court's charge are legion, both before and after the adoption of Temporary Rule 14. Representative cases include: Ballard v. State,461 So.2d 899, 905 (Ala.Crim.App.), cert. denied, 461 So.2d 899 (Ala. 1984); Lewis v. State, 439 So.2d 1353, 1355 (Ala.Crim.App.),cert denied, 439 So.2d 1353 (Ala. 1983); Spears v. State,402 So.2d 1073, *Page 205 
1077 (Ala.Crim.App.), cert. denied, 402 So.2d 1078 (Ala. 1981);Smith v. State, 53 Ala. App. 657, 659, 303 So.2d 157
(Ala.Crim.App. 1974).
I want to make it clear that the Court's opinion does indeed change the procedure for objecting to an omission in the jury charge in criminal cases. This change does clarify what is required of a party when he objects to an omission in the jury charge, and it lessens the burden on the objecting party, for it puts the burden of devising proper jury instructions on the judge. I wish to point out that under Temporary Rule 14 the trial court may still require that the objecting party submit written explanatory instructions. Such a request will shift the burden of devising proper instructions back to the objecting party.
JONES, J., concurs.