TYSON, Judge.
Johnny Luke was indicted for the murder of Edwin L. Meng “by shooting him with a shotgun” in violation of § 13A-6-2, Code of Alabama 1975, as amended.
The appellant withdrew his not guilty plea, pled guilty and the trial court set sentence at 35 years’ imprisonment. From this proceeding, this appeal follows.
I
The issue here presented is first as to the voluntariness of appellant’s plea; and secondly, as to whether or not the guilty plea may be established by the assertions of the prosecuting attorney and on that basis the acceptance of such plea based upon the appellant’s protestations concerning his innocence.
The Supreme Court of the United States in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) points out that an accused may plead guilty without admitting the acts or crime or even protesting innocence, if he intelligently and understandingly concludes that his interest so requires, and the record at issue strongly evidences his guilt.
The United States Court of Appeals for the Fifth Circuit in United States v. Dayton, 604 F.2d 931 (1979), in passing upon Rule 11 of the Federal Rules of Criminal Procedure with reference guilty pleas, set forth the following criteria which are helpful in considering the issue presented by this record:
“(1) That the defendant understands the nature of the charge to which the plea is offered, any mandatory minimum penalty provided by law, and the maximum possible penalty provided by law.
“(2) If the defendant is not represented by an attorney, that he understands he has the right to be represented by an attorney at every stage of the proceedings against him and that, if necessary, one will be appointed to represent him. Though the rule does not require it, we think careful practice will usually add, in appropriate circumstances, that the services of appointed counsel will be furnished without expense to the defendant.
“(3) That he understands he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury, with the right at that trial to have the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
“(4) That if he pleads guilty or nolo con-tendere he understands there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
“(5) That if he pleads guilty or nolo con-tendere, he understands the court may *806 ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.
“(6) That the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement, and whether the defendant’s willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.
“(7) That there is a factual basis for the plea.” (Footnote omitted).
In passing upon a very similar issue wherein the appellant maintained he had no criminal intent, the Supreme Court of Alabama, speaking through Mr. Chief Justice Torbert in Yamada v. State, 426 So.2d 906 (Ala.1982), stated:
“... [T]he mere fact that he [defendant] denied any criminal intent is insufficient to override such a guilty plea. We likewise hold that a factual basis for accepting a guilty plea may be established by several sources, including a prosecuting attorney’s assertions of what he expects the evidence to show.”
In the instant case following the establishment of a proper Boykin v. Alabama colloquy, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the record indicates the following: (R. 5-12)
“THE COURT: Do you understand that your attorneys would represent you throughout the trial?
“THE DEFENDANT: Yes.
“THE COURT: For the record, how old are you?
“THE DEFENDANT: Thirty-seven.
“THE COURT: And how far did you go in school?
“THE DEFENDANT: Ninth grade.
“THE COURT: Do you understand that if you tell me you are guilty and your plea of guilty is accepted, you will be giving up all these rights that I have just asked you about; in other words, that you would be giving up your rights to a jury trial?
“THE DEFENDANT: Yes.
“THE COURT: If you say you are guilty there won’t be a trial; do you understand that?
“THE DEFENDANT: Yes, I know.
“THE COURT: I have a document before me that’s called an Ireland Form, that explains the rights that you have as a defendant in this case. Have your attorneys gone over this form with you?
“THE DEFENDANT: Yes, Mr. Phillips did.
“THE COURT: Has he explained it to you?
“THE DEFENDANT: Yes, sir.
“THE COURT: Do you have any questions that you would like to ask me, ask him, or ask Mr. Bernard about what this paper means or about anything else?
“THE DEFENDANT: Well, I signed it for thirty-five years.
“THE COURT: That was the agreed-upon sentence?
“THE DEFENDANT: Yes.
“THE COURT: All right. Do you have any questions about what this means here, about what this paper means?
“THE DEFENDANT: I couldn’t get no more time than that, could I?
“THE COURT: In other words, that would be the recommended sentence — but I understand what you’re saying. What I’m asking you is, do you have any questions about what these words right here mean, on this paper, about the rights you would be giving up?
“THE DEFENDANT: No.
“THE COURT: Now, you say there is a recommended sentence of thirty-five years if you enter a plea of guilty?
“THE DEFENDANT: Yes, sir.
“THE COURT: Is that the recommendation of the state?
“MR. ESTES: The state so recommends, your Honor.
*807 “THE COURT: Has anyone promised you anything or promised you any money or—
“THE DEFENDANT: No, sir.
“THE COURT: —reward or anything or done anything to get you to say you are guilty?
“THE DEFENDANT: No, sir.
“THE COURT: Has anyone made any kind of threats of force or anything else or done anything to get you to say you are guilty or change your plea?
“THE DEFENDANT: No, sir.
“THE COURT: Then to this charge of murder as contained in the indictment, charging that you did intentionally cause the death of another person, Edwin L. Meng, by shooting him with a shotgun, in violation of Section 13A-6-2 of the Code of Alabama 1975, as amended, how do you plead; do you plead guilty or not guilty?
“THE DEFENDANT: Well, not guilty. I didn’t do it.
“THE COURT: All right. You said just a few minutes ago that you wanted to change your plea to guilty. I’m not trying to trick you or put pressure upon you, I just need to know how you plead at this time. Is it guilty or not guilty?
“MR. BERNARD: Ask your question again, Judge.
“THE COURT: To this charge in the indictment as I have outlined it to you, how do you plead?
“THE DEFENDANT: Guilty.
“THE COURT: Did you commit this offense as I have just outlined it to you or are you saying—
“THE DEFENDANT: No, I didn’t.
“THE COURT: —it’s not true, or what?
“THE DEFENDANT: What say?
“THE COURT: What I’m asking you is, you said that you — you entered a plea of guilty. You have also said something about T didn’t do it.’ I’m not trying to put words into your mouth. Did you shoot Edwin Meng?
“THE DEFENDANT: No, I didn’t.
“THE COURT: Were you with him — were you with someone when he was shot?
“THE DEFENDANT: Yes, I was.
“THE COURT: Did you know that shooting was going to take place beforehand?
“THE DEFENDANT: No, sir.
“THE COURT: Then why is it you wish to enter a plea of guilty now?
“THE DEFENDANT: Well, less time; because I didn’t do it, you know.
“THE COURT: Under the Supreme Court laws a person has a right to enter a plea of guilty, even if they continue to deny committing the offense, because — taking what they believe to be the better option available to them.
“As I understand what you are saying is, you did not do the actual shooting itself?
“THE DEFENDANT: No, I didn’t.
“THE COURT: However, you wish to enter a plea of guilty because of the evidence that would be against you?
“THE DEFENDANT: Yes, sir.
“THE COURT: You want to make sure that you get a sentence of thirty-five years?
“THE DEFENDANT: Yes, sir.
“THE COURT: Could the state proffer the evidence that it would expect to show in this case in chief?
“MR. ESTES: Your Honor, we would expect to show — we would expect to elicit testimony from George E. Warren, the defendant’s accessory and accomplice in this matter, who would testify that the defendant fired the fatal shots. We would also expect to proffer the testimony from a witness in the community who indicates that he talked with the defendant on the day that Mr. Meng’s body was discovered, and that the defendant said to him, T shot Meng; I killed Mr. Meng.’ That would be included among the evidence that the state would show on the trial of this case.
“THE COURT: Mr. Phillips, let me ask you and Mr. Bernard something. Based upon the status of the evidence that you understand the state would present and upon your investigation as to the paucity of the *808 evidence that you two would be able to present on behalf of Johnny Luke, what is your opinion in regards to the entry of a plea and acceptance of a plea?
“MR. PHILLIPS: It’s my feeling, your Honor, that he should accept thirty-five years and enter his plea. I have gone over this case with the state not once but several times. I know generally what the state’s evidence is going to be and I know exactly what Mr. Luke’s testimony or evidence will be. That would be my recommendation, and I would say the same thing if my brother were standing here beside me.
“MR. BERNARD: I concur. I have investigated this case and had an opportunity to talk with the District Attorney’s office, Mr. Luke, and Mr. Phillips, and I feel that I do not have enough to present a good defense in this particular case, which I feel would in effect get Mr. Luke a longer or, in this particular case, a worse sentence than the recommended thirty-five years.
“THE COURT: Mr. Luke, then the reason that you desire to enter a plea of guilty is because you can be sure of getting thirty-five years and you had rather take that than go to trial and possibly getting a longer sentence, is that what you’re saying? I’m not trying to put words into your mouth but that’s what I understand you’re saying. Is that right or wrong?
“THE DEFENDANT: Well, that’s right.
“THE COURT: If it’s wrong in any way, you let me know. I’m not trying to, like I say, put words into your mouth. In other words, let me ask you: Why is it you wish to enter a plea of guilty at this time?
“THE DEFENDANT: Well, for lesser time.
“THE COURT: A lesser time than you might get if you went to trial?
“THE DEFENDANT: Yes, sir.
“THE COURT: Then let me ask again: To this charge how do you plead, the charge in this indictment of murder, how do you plead? In other words, do you plead guilty or not guilty at this time?
“THE DEFENDANT: Guilty.
“THE COURT: Excuse me; I didn’t hear you.
“THE DEFENDANT: Guilty.
“THE COURT: Mr. Phillips, based upon your experience as an attorney in criminal cases it’s your opinion that the plea of guilty should be received.
“MR. PHILLIPS: Yes, sir.
“THE COURT: The same question to you, Mr. Bernard?
“MR. BERNARD: Yes, sir, I concur.
“THE COURT: The plea of guilty will be accepted.
“Does the state desire a sentence hearing?
“MR. ESTES: The state waives its right to any sentence hearing, your Honor, and waives any delay for sentencing.
“THE COURT: Does the defendant wish a sentence hearing.
“MR. BERNARD: No, sir.
“THE COURT: Is the state in the position it would be able to delve into the matter of restitution at this time or any future time?
“MR. ESTES: No, sir.
“THE COURT: Upon that showing the Court makes no finding regarding restitution.
“Is there any reason why sentence could not be pronounced at this time?
“MR. PHILLIPS: I know of none.
“MR. BERNARD: Me either.
“THE COURT: Mr. Luke, do you have any reason why sentence should not be pronounced at this time, why sentencing shouldn’t go ahead and take place now?
“THE DEFENDANT: No.
“THE COURT: Do you have anything that you would like to say before I pronounce sentence?
“THE DEFENDANT: No.
“THE COURT: Upon your plea of guilty to the offense of murder in this case, in the presence of counsel the Court adjudges you guilty of murder and, upon recommendation of the District Attorney, your punishment is *809 fixed at thirty-five years imprisonment in the state penitentiary.
“Costs will be assessed against the State of Alabama.
“Now, under Alabama law you have the right to appeal from this judgment within forty-two days. If you are indigent an attorney will be appointed to represent you on appeal and you will be provided with a free copy of the transcript of the court proceedings and the court record in this case.
“That will be all. The defendant will be remanded to the custody of the sheriff.
“(Proceedings concluded.)”
It should be here noted that the appellant does state that he was not guilty in that he appears to indicate another party actually did the shooting, but the trial court then wisely inquired into the matter, and has made a proper determination that a factual basis existed for accepting the appellant’s plea. Likewise, the above colloquy also clearly establishes a voluntary, understanding and intelligent plea of guilty, which follows the constitutional standards hereinabove set forth. We therefore hold that the trial court properly determined that a factual basis existed for accepting the appellant’s plea of guilty based on the colloquy hereinabove set forth. Wallace v. Turner, 695 F.2d 545 (U.S. 11th Cir., 1983), and authorities hereinabove cited.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.