TYSON, Judge.
Jack Benny Rue was indicted for receiving stolen property in the first degree in violation of § 13A-8-17, Code of Alabama 1975. Prior to trial, the appellant (who had three prior felony convictions) was offered the opportunity to plead guilty to “receiving stolen property in the second degree” and in return, he would receive a fifteen year sentence. The appellant rejected this offer and the case proceeded to trial.
After the State had rested and during the presentation of his defense, the appellant changed his mind and pled guilty to receiving stolen property in the second degree. After accepting the appellant’s plea, the trial judge sentenced the appellant to twenty years’ imprisonment in the penitentiary.
Since the facts of this case are not relevant to the two issues raised by the appellant on appeal, we pretermit a discussion of these facts.
The nature of the appellant’s contentions attack the validity of his guilty plea and therefore, we find it necessary to include that portion of the record which relates to this plea.
*1344 I
“The Supreme Court of the United States in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), points out that an accused may plead guilty without admitting the acts or crime or even protesting innocence, if he intelligently and understanding^ concludes that his interest so requires, and the record at issue strongly evidences his guilt.” Luke v. State, 439 So.2d 804 (Ala.Cr.App.1983).
This court must now determine if the appellant’s plea was knowingly, intelligently and voluntarily entered and if a factual basis for said plea existed.
The appellant contends he was coerced into telling the trial court he was pleading guilty because he was, in fact, guilty because the trial judge stated he would not accept a “best interest” plea. This contention is without merit. Even though the appellant told the trial judge he was, in fact, guilty, it is clear to this court that the plea in question was entered because it was in the best interest of this appellant.
Although the appellant asserted his innocence, it is obvious he felt it was to his advantage to plead guilty and receive a twenty year sentence rather than risk the possibility of a life sentence, should the jury return a guilty verdict.
Appellant’s counsel, Mr. Colee, stated: “MR. COLEE: This is just for the record. Mr. Rue is charged with receiving stolen property in the first degree, which is a Class B felony. And it has been alleged that he had three prior felony convictions where if convicted the only punishment is life. I would just like the record to reflect that the district attorney's office has agreed to on a plea of guilty amend the charge to receiving in the second degree and recommend a fifteen year sentence to the Court, which would be the minimum possible due to the fact of his three prior felony convictions, being a Class C felony, and the Court has indicated also it would agree to that plea.
“I have discussed this thoroughly with Mr. Rue and advised him as to the pros and cons of a guilty plea obviously and informed him that there is a strong possibility he could be convicted of the charge in the indictment, which is receiving in the first degree, and that if he was convicted of that charge, there would be nothing that the Court or anyone else could do but to sentence him to life in the penitentiary. And Mr. Rue says he understands that but does not wish to take the fifteen years and wishes to maintain his innocence.
“I just wanted to put that on the record.
“THE COURT: Mr. Rue, do you have anything you wish to say?
“THE DEFENDANT: No, sir.” (R. 3-4)
After one day of trial, which included testimony from four State witnesses, the jury was recessed until the following morning whereupon the following statement was made to the court by defendant’s attorney:
“MORNING SESSION
“(Jury not present.)
“(Off-the-record discussion).
“MR. COLEE: Judge, we want on the record, Mr. Rue has consistently maintained his innocence and still does before this Court, but because of the preponderance of the evidence, the great preponderance 'of the evidence against him and the fact that he if convicted would receive a mandatory life sentence that neither this Court or anyone could do anything about and would be required to sentence him to life, he feels like since the State is willing to amend the charge on a guilty plea to receiving in the second degree and recommend a twenty year sentence, that such plea would be in his best interest as far as that is concerned.
“I believe he made need to state more clearly as far as his answer to the question about whether he is satisfied with the settlement in this case. He is not satisfied to the fact he has to go to jail. He may need to be questioned about that.
“THE COURT: All right. Under Case Number CC 84-01075, your attorney, Mr. *1345 Colee, has read to you and explained to you all of your constitutional rights as shown by this form marked Court’s Exhibit A; is that correct?
“You need to speak out.
“THE DEFENDANT: Yes, sir.
“THE COURT: And do you know each and every right to which you are entitled?
“THE DEFENDANT: No, sir, I want to know can I get an appeal.
“MR. COLEE: I told you, Jack, you cannot appeal.
“THE COURT: I’ll let him appeal. I’ll let you appeal it.
“THE DEFENDANT: On that?
“THE COURT: I’ll let you appeal it. I’ll even appoint a lawyer for you.
“THE DEFENDANT: What I don’t understand is you will let me appeal the twenty years.
“THE COURT: Sure.
“THE DEFENDANT: That I pleaded guilty to.
“THE COURT: Sure. I’m not going to ask you to plead guilty. If you plead guilty, it has to be all on you. Do you understand?
“THE DEFENDANT: Yes, sir.
“THE COURT: What do you want to do?
“THE DEFENDANT: Go along with that there.
“THE COURT: Do you want to plead guilty?
“THE DEFENDANT: Yes, sir.
“THE COURT: Then your attorney has read to you and explained to you all of your constitutional rights as shown by this form marked Court’s Exhibit A; is that correct?
“THE DEFENDANT: Yes, sir.
“THE COURT: And do you understand each and every right to which you are entitled?
“THE DEFENDANT: Yes, sir.
“THE COURT: All right. Did you sign this form?
“THE DEFENDANT: Yes, sir.
“THE COURT: You signed it Jack B. Rue?
“THE DEFENDANT: Yes.
“THE COURT: Did you sign it voluntarily, knowing exactly now what you have signed.
“THE DEFENDANT: Yes, sir.
“THE COURT: You also know that contained and embraced within the form up here at the top is the charge of receiving stolen property in the first degree. Do you understand that?
“THE DEFENDANT: I thought it was in the second degree.
“THE COURT: Well, that’s what you are going to plead guilty to. But the original charge is receiving stolen property in the first degree. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: The range of punishment for that charge is by imprisonment in the penitentiary for not less than two years nor more than twenty years, but if you had three prior felony convictions prior to the time of the commission of the offense of the receiving stolen property in the first degree or receiving stolen property in the second degree before receiving stolen property in the first degree, the punishment under the Habitual Offender Act is by imprisonment in the penitentiary for life.
“Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Now, if it’s reduced to receiving stolen property in the second degree, the punishment is by imprisonment in the penitentiary for not less than one year and one day nor more than ten years. But if you had three prior felony convictions prior to the time of the commission of the offense of receiving stolen property in the second degree, then it would be by imprisonment in the penitentiary for not less than fifteen years to ninety-nine years nor more than life.
“Do you understand that?
“THE DEFENDANT: Yes.
“THE COURT: That’s under the Habitual Offender Act.
*1346 “Mr. Colee, when you read to the defendant and explained to him all his constitutional rights as shown by Court’s Exhibit A, did he in your opinion understand each and every right to which he is entitled?
“MR. COLEE: Yes, sir, I believe he does.
“THE COURT: Jack Benny Rue, you understand that now all the testimony that has already been taken in this trial before the jury are the charges against you. Do you understand that as to what has been testified to? You heard those.
“THE DEFENDANT: Yes, sir.
“THE COURT: All right. The facts in the case. All right. Jack Benny Rue, under case number CC 84-01075, you were charged with the offense of receiving stolen property in the first degree to which you had entered a plea of not guilty. Did you wish to withdraw or take back your plea of not guilty?
“THE DEFENDANT: Yes, sir.
“THE COURT: All right. You are now charged with receiving stolen property in the second degree. How do you plead?
“THE DEFENDANT: Guilty.
“THE COURT: And are you pleading guilty because you in fact are guilty?
“THE DEFENDANT: No, sir.
“THE COURT: Well, then I won’t accept a plea of guilty.
“THE DEFENDANT: Best interest plea.
“THE COURT: I don’t take best interest pleas. If you are not guilty, I’m not going to—
“MR. COLEE: May I talk to him a moment, Judge?
“THE COURT: Sure.
“(Off-the-record discussion.)
“THE COURT: All right. Jack, do you want to proceed with this?
“THE DEFENDANT: Yes, sir.
“THE COURT: It’s up to you, son, now. Are you pleading guilty because you in fact are guilty?
“THE DEFENDANT: Yes, sir.
“THE COURT: Okay. Now, we have to fix the value of the stolen property by agreement and it cannot exceed one thousand dollars. Is that by agreement for the plea only?
“MR. COLEE: Yes, sir.
“MR. WHISONANT: Yes, sir.
“THE COURT: Is that your understanding, too?
“THE DEFENDANT: What it is?
“THE COURT: To make it from receiving stolen property in the first degree to receiving stolen property in the second degree, the value of the property cannot exceed one thousand dollars. So by agreement, the district attorney is willing to agree for this plea so that it can be reduced to receiving stolen property in the second degree that the value of the property be one thousand dollars instead of two thousand eight hundred dollars. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Is that your agreement, too?
“THE DEFENDANT: Yes, sir, it is.
“THE COURT: All right. Jack Benny Rue, after having entered a plea of guilty to the charge of receiving stolen property in the second degree, you understand that all that’s left for the Court to do is to impose sentence?
“THE DEFENDANT: Impose?
“THE COURT: To sentence you.
“THE DEFENDANT: Yes, sir.
“THE COURT: Now, how many priors has he got?
“MR. WHISONANT: Your Honor, we have certified copies of three prior felony convictions. The first one is case number — I have a certified copy of case action summary sheet Case Number 77-02273, which reflects that on January the 30th, 1978 that Jack Benny Rue pled guilty in this circuit to robbery and received a sentence of ten years. It ran cc with Case Number 77-2274, and he was represented by counsel, attorney Bob Sutton.
*1347 Next I have case action summary sheet Case Number 77-02274. It reflects that on January the 30th, 1978 that Jack Benny Rue pled guilty to kidnapping and received a ten year sentence to run cc with 77-2273, and that in that cáse, he was also represented by attorney Bob Sutton.
“Last, I have case action summary Case Number 81-00786 which reflects that Jack Benny Rue pled guilty on September the 1st, 1981 in this circuit and received a sentence of two years. The charge was Violation of the Uniform Alabama Controlled Substances Act, possession.
“THE COURT: Who represented him?
“MR. WHISONANT: The defense attorney was Bill Starne.
“THE COURT: Are those your convictions?
“THE DEFENDANT: Yes, sir.
“THE COURT: You know the Court must then adjudicate you as an habitual offender. Do you understand that?
“THE DEFENDANT: Adjudicate?
“THE COURT: That means I have to say you are an habitual offender because of your three prior felonies. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Do you have anything to say why the Court at this time should not impose sentence or sentence you at this time?
“THE DEFENDANT: Just say I didn’t think I was going to get no fair trial no way.
“THE COURT: Well, son, I thought you had a fair trial up to this point, hadn’t you?
“THE DEFENDANT: I have done pled guilty to it.
“THE COURT: Do you have anything further you wish to say?
“THE DEFENDANT: No, sir.
“THE COURT: It is the judgment and sentence of this Court that you be imprisoned in the penitentiary for a term of twenty years. I have entered an order that any time you were incarcerated pending the trial of this case that you be given credit for that time. Do you understand that?
“Now, you have a right to appeal, if you wish to appeal, and I’ll put in an oral notice of appeal, if you want to appeal.
“MR. COLEE: Yes, sir.
“THE COURT: Is that what you want to do, Jack?
“THE DEFENDANT: Yes, sir.
“THE COURT: You have forty-two days in which to appeal. If you haven’t already been declared an indigent, I will also appoint an attorney, if you wish one, and I will order a free transcript if that’s your desire.
“THE DEFENDANT: Yes, sir.
“MR. WHISONANT: Your Honor, for purposes of the sentence hearing, we move for admission of State’s 1 through 3 in evidence.” (R. 122 to 132)
The above-quoted colloquy clearly establishes that the appellant pled guilty voluntarily, intelligently and understandingly and that his plea met the constitutional requirements set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The appellant’s assertion that a factual basis for his plea did not exist is likewise without merit. It is not necessary to establish a factual basis for a guilty plea through statements of the defendant if there is other information from which the trial judge can make the -necessary determination. Young v. State, 408 So.2d 199 (Ala.Cr.App.1981); Eady v. State, 424 So.2d 694 (Ala.Cr.App.1982).
A review of the record affirmatively shows that there was a factual basis for the appellant’s guilty plea. The State had presented its case through the testimony of four witnesses, and the defense had offered one witness before the appellant decided to change his mind and to plead guilty. The trial judge had denied the appellant’s motion for judgment of acquittal at the end of the State’s case, which seems to indicate the trial judge believed the State *1348 had proved its case. After an examination of the record, we hold there was strong evidence of the appellant’s guilt even in light of his assertion of his innocence.
Furthermore, this court believes the appellant’s trial counsel was competent in his representation of the appellant as evidenced by his conduct during the trial. Obviously, trial counsel advised the appellant to plead guilty due to the evidence which was presented at trial, and the grave consequences resulting from a guilty verdict.
Therefore, this court holds that the appellant’s guilty plea was validly obtained and is in accordance with the holding in North Carolina v. Alford, supra.
II
Before the trial of this case, the appellant was offered a fifteen year sentence in return for his plea of guilty to receiving stolen property in the second degree. When the appellant pled guilty during the course of this trial, he received a twenty year sentence. The appellant alleges he was denied due process of law because he received a stiffer sentence after he exercised his right to a jury trial.
This court in Pelmer v. State, 389 So.2d 584 (Ala.Cr.App.1980), stated “... that a defendant may not be punished with an enhanced sentence after preliminary plea negotiations solely because he elected to take his case before a jury....”
However, this court also recognized that it is difficult to determine those instances in which the trial judge has an improper motive in sentencing a defendant.
“The mere fact, standing alone, that a sentence meted out after a jury trial [or as in this case, after the trial has begun] is greater than one possibly discussed in preliminary negotiations is not, in itself, indicative of any improper motive. Pelmer v. State, supra, (citations omitted).
A review of this record does not reveal any improper motive on the part of the trial judge in sentencing the appellant to 20 years. It seems clear to this court the trial judge sentenced him on the basis of the facts in this case and his prior criminal record.
Therefore, for the reasons stated above, we uphold the appellant’s conviction and sentence. This case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.