ON REHEARING
BRADLEY, Presiding Judge.
On rehearing the opinion of this court issued on January 28, 1987 is withdrawn and the following substituted therefor.
This is a conversion case.
Plaintiff, Wendell Jordan, purchased a new automobile in May of 1978. Mr. Jordan paid a cash deposit and down payment for the car with the remainder of the purchase price financed by Ford Motor Credit Company (Ford Credit). The title to the car was in Mr. Jordan’s name with Ford Credit named as lienholder. In 1981 Karen Jordan, Mr. Jordan's daughter, approached the defendant, Farmers and Merchants Bank (the Bank) for the purpose of refinancing the car and having title transferred into her name.
The Bank paid the remaining debt to Ford Credit, refinanced the car, and reduced the monthly payments. The date of the new loan to Karen Jordan was January 12,1981. Mr. Jordan’s wife, Katherine Jordan, cosigned the loan with their daughter. The necessary transfer of title was also dated January 12. Mr. Jordan’s name is signed to the certificate of title. However, the signature is not his.
After approximately two years had elapsed from the date of the new loan, Karen Jordan Cunningham and her husband, Lee Cunningham, approached the Bank and refinanced Karen's loan a second time. Lee’s name was then also added to the title. Only four payments were made on the new loan.
The Bank, after declaring the Cunning-hams’ loan in default, filed a detinue action against them. A default judgment was subsequently entered against Karen and Lee and, following numerous attempts, the sheriff was able to seize the car pursuant to a writ of seizure.
Mr. Jordan then filed a complaint against the Bank alleging that the Bank had improperly converted his vehicle. After several amendments to the original complaint, Mr. Jordan’s claim against the Bank alleged, in pertinent part: (1) the vehicle seized by the Bank was owned by the plaintiff; (2) the plaintiff had not assigned the car’s certificate of title to anyone; (3) any certificate of title held by the Bank resulted from a forgery; and (4) the Bank knew of plaintiffs ownership when it seized the car.
After the court’s denial of a motion to dismiss by the Bank, the Bank answered and maintained, inter alia: (1) Mr. Jordan was estopped from making any claim against the Bank; and (2) because the Bank had paid plaintiff’s debt to Ford Credit, a constructive trust, or in the alternative a resulting trust, should be imposed on the car, precluding Mr. Jordan from receiving the damages requested in his claim.
Additionally, the Bank named Katherine and Karen Jordan as cross-defendants, asserting that they had pledged the vehicle as collateral for a note and security agreement executed by them. The Bank further alleged that according to the terms of the note the sum owed had not been paid and that the cross-defendants had engaged in fraud when procuring the loan. Consequently, the Bank asserted that it was entitled to indemnification from cross-defendants should a verdict be entered against the Bank.
The dispute was subsequently tried before a jury, and it returned a $10,000 verdict in favor of Mr. Jordan. The jury also returned a verdict denying the Bank’s claim against Karen and Katherine Jordan. *1251 The Bank then filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Both motions were denied.
The Bank appeals, contending: (1) the trial court erred in denying the Bank’s motion for j.n.o.v. or, in the alternative, a new trial, as the jury verdict was both inconsistent and unsupported by the evidence; (2) the trial court improperly refused to instruct the jury on the defense of ratification; (3) the trial court erred in failing to apply the doctrine of constructive trust; (4) the trial court erred in preventing the admission of plaintiffs bankruptcy petition into evidence; and (5) the trial court erred in failing to grant a new trial due to admission of irrelevant hearsay material into evidence.
We find that the issue of whether the trial court properly refused to instruct the jury on the defense of ratification is dispos-itive of the appeal, and we therefore preter-mit any discussion of the other issues asserted by the Bank.
Although the Bank argues that the trial court erred to reversal for failure to instruct the jury on the defense of ratification, Jordan maintains that the court’s failure to charge on the ratification issue was not error, as the Bank failed to raise the defense in its answer and failed to meet the requirements of A.R.Civ.P. 51.
We have examined the Bank’s answer and are satisfied that the ratification defense was, however inartfully, pleaded. In its answer the Bank asserted that Mr. Jordan should be estopped from complaining against the Bank.
Ratification is defined simply as the adoption of the acts of an unauthorized agent. Exchange Security Bank v. King, 301 So.2d 193, 53 Ala.App. 429 (1974). We also note that when one subsequently adopts the acts of another who originally acted without authority the acts become binding. Green v. American Cast Iron Pipe Co., 446 So.2d 16 (Ala.1984).
In short, by ratifying the acts one is estopped from complaining against the actor. By answering that Mr. Jordan was estopped from complaining, the Bank sufficiently preserved the ratification defense.
Additionally, even if we accept Jordan’s contention that the ratification defense was not affirmatively pleaded, the record reveals that the issue was tried “by express or implied consent of the parties.” Alabama Rules of Civil Procedure, Rule 15(b). The ratification defense will, therefore, be treated as if it were pleaded. A.R. Civ.P. 15(b).
Jordan maintains no error was preserved for our review concerning the refusal to charge, as the Bank failed to meet the mandate of A.R.Civ.P. 51:
“No party may assign as error ... failing to give a written instruction ... unless he objects thereto ... stating the matter to which he objects and the grounds of his objection.” (emphasis added)
In interpreting Rule 51, our supreme court has, in the past, concluded that if the objection is the failure to charge on a particular subject, it must be by way of a written requested charge. Skipper v. Alabama Farm Bureau Mutual Casualty Insurance Co., 460 So.2d 1270 (Ala.1984); City of Birmingham v. Wright, 379 So.2d 1264 (Ala.1980); Liberty Truck Sales, Inc. v. Fountain, 381 So.2d 646 (Ala.Civ.App. 1980). No written requested instruction was filed with the court. Consequently, under Skipper, supra, City of Birmingham, supra, and Liberty Truck Sales, supra, the Bank would have failed to preserve anything for our review.
However, since the filing of the application for rehearing by the Bank, this court has learned that the supreme court, in the case of Matkins v. State, 497 So.2d 201 (Ala.1986), decided that the “proper procedure for objecting to the court’s charge under Rule 14 [A.R.Crim.P.] and Rule 51 [A.R.Civ.P.] is to state the matter to which the party objects and the grounds of his objection.” No longer is it required that a party submit written instructions to preserve for review the court’s refusal to charge on a particular subject.
*1252 The Bank objected to the court’s refusal to charge and gave its reasons therefor. In view of Matkins v. State, supra, this was all that was necessary to be done to preserve for review the Board’s objection to the court’s oral charge to the jury on the subject of ratification. It was not necessary that the requested instruction be written.
We must now address, however, Mr. Jordan’s contention that the Bank asserted improper grounds as a basis for its requested charge on ratification. He contends that section 7-3-404, Code 1975 — the grounds given by the Bank to support a ratification defense — does not apply to documents of title and fails to support a ratification defense in this case.
In Hosey v. Seibels Bruce Group, South Carolina Insurance Co., 363 So.2d 751 (Ala.1978), the supreme court focused on that part of Rule 51 requiring the giving of a ground for the objection. The court stated, “[w]e ... should not permit an overly rigid enforcement of the rule to inhibit the fundamental policy of the Rules of Civil Procedure to disregard technicality and form in order that the civil rights of litigants may be asserted and tried on the merits.” Hosey, supra.
We have examined section 7-3-404, Code 1975, and find that a jury charge based on that section would have essentially presented the jury with the common law of ratification. Exchange Security Bank, supra; Tuskegee Institute v. May Refrigeration Co., 344 So.2d 156 (Ala.1977). In light of the substance of the charge and the Hosey decision, we find that the Bank enumerated sufficient grounds for a charge on ratification.
Finally, whether ratification occurred is properly an issue for the jury’s resolution. Tuskegee Institute, supra. If there were a scintilla of evidence to support a ratification argument, then it should have been submitted to the jury. Davis v. Balthrop, 456 So.2d 42 (Ala.1984).
The Bank asserted that Mr. Jordan ratified his wife’s transferral of the car title and therefore was estopped from complaining against the Bank’s actions. The record reveals that the Bank paid off the note to Ford Credit. Further, Mr. Jordan testified that he received from Ford Credit a notice informing him that the debt was paid.
We have examined the record and find the required scintilla of evidence exists. Thus, the trial court erred in not submitting the issue to the jury. The judgment of the trial court is reversed and the cause remanded.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
HOLMES and INGRAM, JJ., concur.