JONES, Justice.
We granted review in this conversion case to clarify when a requested jury charge in a civil case needs to be in writing, as opposed to when an orally requested charge is sufficient. The Court of Civil Appeals, holding that the trial court had erred in refusing to give a jury charge requested by Farmers and Merchants Bank (“Bank”) on the Bank’s affirmative defense of ratification, reversed a judgment based on a jury verdict for the petitioner, J. Wendell Jordan, and remanded the cause to the trial court, 532 So.2d 1249. We reverse the judgment of the Court of Civil Appeals.
Jordan sued the Bank for the conversion of an automobile. After both parties had rested, the trial court, out of the hearing of the jury, conferred with the lawyers concerning the content of the court’s proposed charge to the jury. Counsel for the Bank made the following request:
“Judge, I’d like to be given an opportunity tonight to go down and dig [the requested charges] out. I’ve got a couple of defenses in here. One is the estop-pel defense that I’d like to charge the jury on and the resulting trust defense. ...”
The trial court agreed to this request and recessed the trial until the next morning. When the trial resumed, the Bank offered no written requested charges on its defenses and the lawyers made their closing arguments. The trial court then charged the jury and, outside of the jury’s hearing, gave the lawyers the opportunity to state their objections to the charge. Counsel for the Bank stated that the Bank “would take exception to the court’s failure to charge under the provisions of [Ala. Code 1975,] Section 7-3-404,[1] concerning ratification of an unauthorized or forged signature on a document.” The exception was noted and the jury returned a $10,000 verdict for Jordan.
On Appeal to the Court of Civil Appeals, the Bank claimed, in part, that the trial court improperly refused to instruct the jury on the affirmative defense of ratification. Jordan argued, however, that the trial court correctly refused to give this charge because 1) the Bank failed to raise the defense of ratification in its answer; and 2) the Bank failed to meet the requirements of Rule 51, A.R.Civ.P., by requesting a jury charge regarding ratification. Finding this issue to be dispositive of the Bank’s appeal, the Court of Civil Appeals held 1) that the Bank had pleaded the defense of ratification in its answer by asserting that Jordan should be “estopped” from complaining against the Bank; and that even if this language did not properly assert a claim of ratification, the issue *1254 would be treated as if it had been pleaded, because it had been tried by the express or implied consent of the parties, see Rule 15(b), A.R.Civ.P.; and 2) that, according to this .Court’s recent holding in Matkins v. State, 497 So.2d 201 (Ala.1986), the Bank had properly requested the jury charge on ratification by objecting to its omission and by stating its reasons for objecting. The Court of Civil Appeals reversed the judgment for Jordan and remanded the cause to the trial court.
We granted Jordan’s petition for certio-rari to address his claim of a conflict between the opinion of the Court of Civil Appeals and the law in Alabama regarding the preservation of alleged error in a trial court’s charge to the jury in a civil case. Specifically, says Jordan, the Bank failed to preserve for review any alleged error in the trial court’s failure to charge the jury on the Bank’s affirmative defense of ratification because the Bank did not submit a written request for such a charge, and did not sufficiently state the grounds for its objection.
The Court of Civil Appeals, in reversing the judgment for Jordan, held that, according to this Court’s decision in Matkins, “no longer is it required that a party submit written instructions to preserve for review the [trial] court's refusal to charge on a particular subject.” The Court of Civil Appeals went on to hold that in the instant case the Bank’s oral objection to the trial court’s refusal to charge the jury on the affirmative defense of ratification, which objection was supported by stated grounds based on the pleadings, the evidence, and § 7-3-404, was sufficient to preserve the alleged error for appellate review.
We disagreé with the result reached by the Court of Civil Appeals in this case, and we reverse that court’s judgment. Further, we have chosen to use the facts of this appeal to clarify the holding in Mat-kins as it relates to the application of the requirements of Rule 51, A.R.Civ.P., and to reaffirm the law in Alabama regarding the preservation for appellate review of alleged error in giving, or refusing to give, a requested jury instruction.
In Matkins, the defendant was charged with and tried for murder. In a pre-charge conference, counsel for the defendant requested that the trial court also charge the jury on two lesser included offenses that were supported by the evidence. The trial court responded, “All right,” but then failed to give the requested charge; thereupon, the defendant’s lawyer objected to the court’s failure to charge on the lesser included offenses and specifically stated the grounds for his objection — that the evidence warranted the requested charge.
The Court of Criminal Appeals reversed Matkins’s conviction, and this Court affirmed that decision, holding that defense counsel’s objection to the trial court’s failure to charge on the lesser included offenses sufficiently preserved the alleged error for appellate review. It is important to note, however, that the holding in Mat-kins was explicitly limited to the facts of that case and that its peculiar facts required this Court to hold as it did.
Specifically, Matkins’s lawyer came away from the pre-charge conference with the understanding that the trial court, by its response of “All right,” had agreed to include a charge on the lesser included offenses in its instruction to the jury. Moreover, a request for a jury charge on lesser included offenses, where supported by the evidence, is to be anticipated in the trial of a criminal case as “part and parcel” of. the jury instruction on the elements of the charged greater offense. Indeed, the law of lesser included offenses is basic knowledge to the judge conducting a criminal trial, and it is included within the standard package of jury instructions given orally by the trial court as a matter of daily routine. Thus, in Matkins, the lawyer’s objection to the trial court’s failure to give the “lesser included offenses” charge^ supported by specific grounds, was sufficient to preserve this alleged error for appellate review pursuant to Rule 14, Temporary Alabama Rules of Criminal Procedure — the counterpart of Rule 51, A.R.Civ.P.
Here, however, when we view the facts of the instant case in the context of Rule 51 and the holding in Matkins, we must re *1255 solve the issue in favor of Jordan. In other words, the requirements of Rule 51 (and the cases interpreting that Rule, including Matkins) were not met, in this case, by the Bank’s oral objection to the trial court’s failure to give a jury charge on the affirmative defense of ratification.
The points of difference between this case and Matkins consist in the respective understandings between the court and counsel and in the nature of the orally requested charges. Contrary to the facts in Matkins, when the Bank’s lawyer assured the trial court that he would “dig out” the requested charges, the trial court responded, “All right. I’ll give you an opportunity to have them ready in the morning before nine.” This statement from the trial court was tantamount to a request for written additional charges, pursuant to Rule 51; or, at the very least, the statement was made in anticipation that the Bank’s lawyer would request such instructions in writing, if he desired that the jury be so instructed. The Bank’s lawyer failed to submit those written charges when the trial resumed.
Moreover, in terms of common familiarity, the nature of the Bank’s orally requested charge is materially different from the charge requested in Matkins. Here, the requested charge was one involving the affirmative defense of ratification as an estoppel to Jordan’s assertion of his rights against the Bank — a charge involving a rather complex principle of law and one that must be carefully tailored to the facts at hand.
We note that Alabama Pattern Jury Instructions — Civil, charges 3.12 and 3.13 (1974), contain suggested charges on the general law of ratification. The legal doctrine referenced in these charges (where an agent acts beyond his authority), however, differs substantially from the “ratification” defined in Alabama’s enactment of the Uniform Commercial Code (§ 7-3-404). That is to say, the jury instruction requested here, unlike the instruction requested in Matkins, is not one of such a nature that the judge conducting a civil trial would commonly carry it about in his vest pocket.
The Court of Civil Appeals, in the instant case, took the holding in Matkins beyond its intended application: the application of a standard by which issues of this nature are decided on a case by case basis, in accordance with the spirit of Rule 51 — a spirit of fairness both to the trial court and to trial counsel. See Odom v. Linsey, 365 So.2d 664 (Ala.1978). Here, in view of the understanding between court and counsel, the nature of the requested charge, and the manner in which the request arose, the spirit of Rule 51 requires us to hold that the objection made by the Bank’s lawyer did not preserve for appellate review any alleged error with respect to the trial court’s failure to charge the jury on the affirmative defense of ratification.
Because the requirements of Rule 51 were not met and because the basic spirit of Rule 51 can not be served by a reversal of the trial court’s judgment on this issue, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and ADAMS, JJ., concur.
BEATTY, J., concurs in the result.

. Section 7-3-404 provides: "(1) Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value.
"(2) Any unauthorized signature may be ratified for all purposes of this article. Such ratification does not of itself affect any rights of the person ratifying against the actual signer."