McMILLAN, Judge.
The appellant was convicted of criminal trespass in the third degree, in violation of § 13A-7-4, Code of Alabama (1975). He was sentenced to 90 days in the county jail, all but 7 days of which was suspended, and he was placed on unsupervised probation for 1 year. The appellant was further fined $100 plus court costs.
I
The appellant argues that there was insufficient evidence to convict him of the offense of trespass in the third degree.
Section 13A-7-4, Code of Alabama (1975), provides that a person is guilty of criminal trespass in the third degree “when he knowingly enters or remains unlawfully in or upon premises.” Section 13A-7-l(4) Code of Alabama (1975) provides in pertinent part as follows: “A person ‘enters or remains unlawfully’ in or upon premises when he is- not licensed, invited or privileged to do so.”
The State presented evidence that the appellant approached the owner of the property in question and her husband to discuss buying the property. The property contained a gravel pit that the appellant was also interested in working. The appellant then had the substance of their discussion written down and stated that the document would not be “legal”, but that he would use the document to have something “legal” drawn up. The following day the appellant began moving his equipment onto the property. The owner of the property left town for three weeks and, when she returned, she says, she found that the appellant had moved a great deal of equipment onto her property. She testified that she had not agreed that the appellant could do so. Subsequently, the appellant approached the owner with a legal document, but the owner testified that she would not agree to its terms. Thereafter, the owner *1284 informed the appellant that she wanted full payment for the property in order for the appellant to remain on the land. She testified that the appellant lost his temper and refused to leave the property. She testified that she subsequently told the appellant a number of times to stay off the property, but that he continued to come onto it without her permission. On the day of his arrest, the appellant was on the property in his pickup truck. The appellant stated that he believed he had the right to be on the property because of the agreement, because his equipment was on the property, and because of a phone call he had received from the labor board in regards to a dispute concerning wages which the appellant claimed the owner owed to him or his son for work they had done in the gravel pit. The State argues that any privilege or license that the appellant had to be on the property was revoked when the owner told the appellant to stay off the property.
The State presented evidence from which the jury could, by fair inference, find the appellant guilty; therefore, the trial court property submitted the case to the jury. Giles v. State, 440 So.2d 1237 (Ala.Cr.App.1983). Despite the conflicting testimony, the jury could properly weigh the appellant’s evidence against all of the evidence presented. Bufford v. State, 382 So.2d 1162 (Ala.Cr.App.1980), writ denied, 382 So.2d 1175 (Ala.1980). There was sufficient evidence presented by the State to sustain the appellant’s conviction. Eady v. State, 495 So.2d 1161 (Ala.Cr.App.1986).
II
The appellant argues that criminal trespass in the third degree, as “a violation” pursuant to § 13A-7-4, Code of Alabama (1975), may be punished by a term of imprisonment in the county jail not to exceed 30 days. However, the appellant was sentenced to 90 days in the county jail. The brief submitted by the State concurs with the appellant’s assertion that he was sentenced to an unauthorized length of imprisonment and, therefore, this cause is due to be remanded to the trial court for resen-tencing pursuant to § 13A-5-7(b), Code of Alabama (1975).
AFFIRMED AS TO CONVICTION; REMANDED FOR RESENTENCING.
All Judges concur.