McMillan, judge.
The appellant was convicted of possession of a short-barreled shotgun and was sentenced to 25 years’ imprisonment. He filed a petition for relief under Rule 32, A.R.Cr.P., contending that his trial counsel had been ineffective. According to the appellant, his attorney (1) failed to properly investigate the case; (2) did not allow him to testify in his own behalf; (3) did not argue to the trial court and the jury that the case should have been tried in federal, not state, court; (4) failed to argue to the jury that the appellant did not possess the shotgun and that his fingerprints were not found on the weapon; and (5) failed to appeal the conviction after assuring the appellant that he would. The State responded with a motion to dismiss the petition on the grounds that the appellant’s claims involved matters of trial strategy, and as such were insufficient to warrant relief and which also were without merit. The trial court thereafter found the petition to be without merit and granted the State’s motion.
On appeal, the State notes that the record is insufficient to properly address the appellant’s contention that his counsel failed to file an appeal after promising to do so. The State asserts that the other claims of error do not' warrant relief and that the objections to trial in state, as opposed to federal court, and to the trial decisions of counsel are clearly without merit. Therefore, the State requested that this matter be remanded to allow the trial court to specifically address the issue of the alleged failure to appeal.
Based on the record, this matter is due to be remanded for further action by the trial court. Upon remand, the trial court is authorized to take such further action, including an evidentiary hearing, as is necessary for a determination on the issue of the alleged failure to appeal. The trial court should return its findings to this Court within 84 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.