ON RETURN TO REMAND
McMILLAN, Judge.
We remanded this cause to the trial court, 624 So.2d 658, for such further action as was necessary for a determination on the appellant’s Rule 32, A.R.Cr.P., claim that his trial counsel had failed to appeal a conviction of possessing a short-barreled shotgun, allegedly after assuring the appellant that he would do so. On remand, the trial court conducted an evidentiary hearing. Thereafter, finding that the petition was without merit, the trial court denied the requested relief.
At the evidentiary hearing, the appellant’s trial attorney testified that he recalled explaining to the appellant that he did not see any hope in taking an appeal and that, basically, the appellant was “just stuck,” and that the appellant responded that he understood. He also said that he gave the appellant his office telephone number and told him that he would be glad to do whatever the appellant wanted, but he stated that he did not thereafter hear from the appellant. It was undisputed that if a collect call had been placed to the attorney’s office, as the appellant alleged he had done, it would have been refused by the attorney’s secretary.
According to Rule 32.3, A.R.Cr.P., the appellant has the burden of proving, by a preponderance of the evidence, facts that entitled him to relief. Here, the appellant’s testimony that he had asked his trial counsel to file an appeal was disputed by the counsel’s testimony that the appellant had not made that request. Viewed in the light most favorable to the State, see Giles v. State, 440 So.2d 1237, 1239 (Ala.Cr.App.1983), the trial court’s determination that the appellant failed to meet his burden of proof clearly is supported by the record.
Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.